[No. 3951.]

JONES, ADMINISTRATOR v. VAN HORN ET AL.

1. PRACTICE—OBJECTIONS TO REFEREE'S REPORT.

Where a referee was appointed to hear and decide the whole issue, and objections and exceptions to his report were properly filed, the court had no authority to approve the report without an examination of the testimony and where the court passed upon and overruled the exceptions and entered judgment upon the report without examining the testimony the judgment will be reversed.

2. SAME—APPELLATE PRACTICE—BILL OF EXCEPTIONS.

Where the trial court passed upon and overruled exceptions to a referee's report and entered judgment upon the report without an examination of the testimony, on appeal there are no findings of the court to pass upon and it is immaterial that the bill of exceptions does

not contain all the evidence taken before the referee since the appellate court is not required to examine the testimony.

*Appeal from the District Court of Arapahoe County.*

Mr. H. P. Bennett and Mr. W. C. Kingsley for appellant.

Mr. Chas. J. Hughes Jr., Mr. Branch H. Giles and Mr. A. Moore Berry for appellees.

Mr. Justice Gabbert delivered the opinion of the court.

The issue between the parties in the court below was raised by exceptions filed by appellees to the report of the referee, as administrator of the estate of Isaac Cooper, deceased. A reference was ordered, and the referee directed to examine the accounts, take testimony, and report the facts on items in report of administrator which were contested, together with the testimony taken. On the filing of the report of the referee, the administrator objected and excepted thereto, which, so far as necessary to notice, were to the effect that the findings of fact and conclusions of law that the administrator was not entitled to item charged for his services rendered the estate, were against the evidence, and that the finding that the sum paid by the administrator to certain attorneys was excessive, was not supported by the evidence. We notice these two for the purpose of showing that the exceptions were in the proper form. They appear to have been filed in apt time. The record discloses that the court passed upon these exceptions, and overruled them without examining the testimony taken before the referee, and upon which he based his report.

Our civil code provides that when the reference is for all purposes, the clerk shall enter judgment upon the referee's report in the same manner as if the action had been tried by

the court—after five days' notice to the parties to the action
of the filing of such a report, unless objections thereto are
interposed within that time, and that if such objections are
filed, the court may grant a new trial, or may modify the
findings of the referee and enter judgment accordingly,
when it is manifest from the evidence what the findings or
judgment should be.—Secs. 212, 213, 214, civil code.

When proper exceptions are filed, the findings of the
referee do not become the findings of the court, unless ap-
proved by the court. . If the sufficiency of the evidence to
sustain the findings of the referee is challenged, the court
cannot determine this question without an examination of
the testimony taken and reported by the referee. The object
of permitting exceptions to be filed is to give the party filing
them an opportunity to point out to the court wherein the
report of the referee is, erroneous. The authority of the
court thus invoked cannot be exercised capriciously. It
cannot act intelligently without an examination of the ques-
tions raised by the exceptions, and when they challenge the
sufficiency of the evidence to sustain the findings of the
referee, it is both the province and duty of the court to ex-
amine the testimony and review the conclusions of the
former. Failing to do this, over proper exceptions, it has
no authority to approve the report.

It is urged on behalf of appellee that the bill of exceptions
fails to show that all the evidence taken before the referee is
incorporated therein. If we were required to examine the
testimony upon which the referee based his report, this
would be a material question; but the court having failed to
examine the testimony returned by the referee, no findings
have been made which we can review. In other words—
until the court has regularly approved or modified the report
of the referee, we are not required to do so, for the reason
that this court cannot review findings of fact and conclusions
of law which have never heen made.

The judgment of the district court is reversed and the cause remanded for further proceedings.

*Reversed and Remanded.*