[No. 5376.]
[No. 3026 C. A.]

## PECK·v. ALEXANDER.

1. **Partnership—Right of Partner to Compensation.**

Under ordinary circumstances, and in the absence of an agreement to that effect, one partner cannot charge his copartners with any sum for compensation, whether in the shape of salary, commission or otherwise, for conducting the partnership business.—P. 393.

2. **Referee—Findings—Effect—Appellate Practice.**

The findings of a referee under the express provisions of Mills' Ann. Code, § 212, after being filed with the clerk and the court entering judgment thereon, stands as the finding of the court unless objected to by either party by filing a motion for a new trial, and, on appeal, are entitled to the same consideration as the verdict of a jury, or the findings of the court based upon like evidence produced in open court.—P. 394.

3. **Appellate Practice—New Trials—Presumptions.**

In the absence of a showing to the contrary, it will be presumed on appeal that on a motion for a new trial the court examined the testimony and did every other act imposed upon it by law and practice.—P. 394.

*Appeal from the District Court of the City and County of Denver.*
*Hon. Frank T. Johnson, Judge.*

Action by Ira F. Peck against J. W. Alexander. From a judgment in favor of defendant, plaintiff appeals.                    *Affirmed.*

Mr. W. T. ROGERS and Mr. F. W. BARRY, for appellant.

Mr. JOHN H. CHILES, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

Appellant, as plaintiff below, brought suit against appellee in the district court for the city and county of Denver. The complaint alleges in substance that parties were partners for the purpose of

developing a certain mine, and that the plaintiff had advanced large sums of money to the enterprise, being not less than six hundred dollars ($600.00), and that the defendant was indebted to him in such amount, and asked for an accounting. The answer is a general denial.

The case was referred to George W. Allen, Esq., as referee, to make a full and complete finding on the law and the facts in the case, and report thereon.

It appeared at the trial that the indebtedness arose, if at all, by virtue of certain charges on the part of plaintiff for salary while engaged in the management and superintendence of the enterprise. The referee held, as matter of law, that one partner cannot recover from another for services in partnership affairs without express contract to that effect between them. At page 774, vol. 2, Lindley on Partnership, it is stated that "under ordinary circumstances the contract of partnership excludes any implied contract for payment for services rendered for the firm by any of its members. Consequently, under ordinary circumstances, and in the absence of an agreement to that effect, one partner cannot charge his co-partners with any sum for compensation, whether in the shape of salary, commission or otherwise, on account of his own trouble in conducting the partnership business, and in this respect is in no different position from any other partner." See, also, *Nevills v. Moore Mining Co.*, 135 Cal. 561, and cases cited. In the latter case, in addition to the rule laid down above, it is further stated:

"The question is one of evidence, and it was for the trial court to determine whether, from the facts and circumstances, a contract was proven."

In the case at bar the testimony concerning the contract was conflicting. The referee found as a fact that there was no such contract between the par-

ties hereto, that the plaintiff was not entitled in its absence to charge a salary, and that the defendant had paid slightly more than his proportion of the amount agreed to be paid as his share for the development of the mine. There is sufficient evidence to support this finding. Under our code, "the findings of the referee upon the whole issue shall stand as the finding of the court, and upon filing the same with the clerk, judgment shall be entered thereon in the same manner as if the action had been tried by the court, unless objected to by either party by filing a motion for new trial as hereinafter provided."—Mills' Ann. Code, § 212.

Under the circumstances of this case the findings are entitled to the same consideration as the verdict of a jury, or the findings of the court based upon like evidence produced in open court. There having been sufficient evidence to support the findings and judgment, this court is bound by the findings and judgment in the court below. There was a motion for a new trial which was overruled, and appellant alleges that the court below erred in overruling the exceptions, and ordering judgment, without an examination of the testimony, citing *Jones v. Van Horn,* 28 Colo. 126, 128. Our attention is not called to any portion of the record showing that the court below did not examine the testimony in the exceptions filed. The presumption is that the court did examine same and did every other act imposed upon it by law and practice, unless the contrary affirmatively appears by the record. The burden is upon appellant to bring to this court by the record and point out specifically the errors relied upon. In the absence of such showing the presumption is that the court did its full duty.

The judgment is affirmed.      *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.