## No. 17,295.

### FERKOVICH v. FERKOVICH.
(274 P. [2d] 602)

Decided September 27, 1954.

Mr. ANGELO F. MOSCO, for plaintiff in error.

Mr. FRANK H. HALL, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFF in error, plaintiff in the trial court, by her amended complaint filed December 13, 1949, sought a divorce from defendant and an order awarding her custody of the minor children. April 13, 1949, she filed a petition for relief pendente lite. After a hearing, the trial court granted the petition and ordered defendant to make certain monthly payments for the support and maintenance of plaintiff and the minor children, and payments of an allowance on plaintiff's attorney fees. Three months thereafter plaintiff filed her petition to

show cause, and on December 12, 1949, a petition to enforce alimony and maintenance order and to have certain property set over to plaintiff. February 1, 1950, defendant filed his answer and cross complaint, which was a general denial of the allegations of plaintiff's complaint in divorce, and he therein prayed that the property standing in the names of both parties in tenancy in common be sold and the proceeds divided between them. The case was tried March 13, 1950; the trial court entered its judgment dismissing plaintiff's complaint with prejudice; entering a restraining order against defendant from interfering with plaintiff or living in the premises of the parties; and that a former order giving plaintiff custody of the children be continued in full force and effect until further order of the court. The case is still pending on defendant's answer and cross complaint. Thereafter plaintiff petitioned the court for an order requiring defendant to pay court costs and plaintiff's counsel fees. Plaintiff was dissatisfied with the order entered by the trial court and sought a reversal of the judgment in our Court, which on June 11, 1951, affirmed the judgment without written opinion. *Ferkovich v. Ferkovich*, 124 Colo. 16, 233 P. (2d) 384.

Without further recitation of the various proceedings, plaintiff filed motion for judgment of the total of $7,046.60, being the amount of the accumulated payments which defendant was ordered to pay for the support of plaintiff and the minor children, which he had failed and refused to pay, and was in default. She also filed a petition for costs and counsel fees for the prosecution of the case in our Court. The trial court denied the motion for judgment and found that it had no jurisdiction to grant the relief prayed for in the petition for costs and counsel fees for plaintiff in the Supreme Court, and entered an order denying the motion.

██ The trial court was in error in both instances, because the amount for which plaintiff sought judgment was money due and payable under a valid and subsist-

ing order of the trial court and had not been paid and was not canceled by the trial court's dismissal of plaintiff's petition for divorce. The trial court was without any authority to enter an order which, in effect, would be a cancellation of the delinquent payments of support money. Past due installments of the support money constituted a debt against defendant and when entered, were a judgment against defendant, and plaintiff was entitled to be in position to enforce collection of payment by means of execution, which was not available to her without a judgment; therefore the court should have entered judgment for such amount as it found to be due plaintiff from the total of the payments that were in default. It appears from the brief of counsel for plaintiff that defendant has long since left the jurisdiction of the court, and process to compel the payment would be of no avail; however, defendant has an interest in property within the state that plaintiff would be able to reach on execution issued on a judgment.

The inconsistency of awarding plaintiff the care and custody of the minor children and then denying her the right to collect the support money ordered paid to her for that purpose is apparent and cannot be approved.

██ The trial court had jurisdiction to entertain the petition for counsel fees and costs for review of the case in the Supreme Court, and therefore it erred in denying the petition on the ground that it had no jurisdiction.

██ ██ Counsel for defendant contends that the writ of error should be dismissed because these orders of the trial court were not final judgments. With this we cannot agree, because the orders were in every respect a finality so far as plaintiff's rights were concerned. Counsel for defendant further contends that the writ of error should be dismissed because plaintiff has not filed a motion for new trial, nor has the trial court dispensed with the filing of such motion. We find a specific direction of the trial court that the necessity of filing a motion for new trial be dispensed with in its order and judg-

ment dated February 28, 1950, which is a part of the record herein.

For the reasons hereinabove stated, the judgment is reversed and the cause remanded with directions to reinstate plaintiff's petition for judgment, and enter such judgment as may be determined to be the total amount of the delinquent payments due from defendant under the existing court order; and also to reinstate plaintiff's petition for counsel fees and court costs; make a determination of a reasonable allowance for such purpose; and enter an order against defendant for the payment thereof.