No. 17,221.

MANIATIS v. STINY.

(274 P. [2d] 975)

Decided October 11, 1954.

Messrs. McDOUGAL, KLINGSMITH & ROGERS, for plaintiff in error.

Mr. MORRIS RUTLAND, Mr. JUSTIN W. BRIERLY, Mr. DONALD SCUDDER, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to the parties by name. Stiny filed his complaint in the district court of the City and County of Denver, in which he sought to recover the amount found to be due upon an accounting sought from one Stathopoulos who had been given a power of attorney to collect rents and otherwise look after property in Athens, Greece, belonging to Stiny.

After the issues were made up, the trial court indicated that it would be proper to refer the case to a Master since it was apparent that an accounting over a number of years would be involved. The parties agreed upon the appointment of attorney Bruno to serve as Master, and, so far as the record discloses, no objection was made to the procedure resulting in this appointment. In the order, the court in that connection directed that Mr. Bruno should have "full powers as a Master as though he were sitting as a Judge."

The case proceeded to trial before the Master upon all issues framed by the pleadings, and a court reporter took the testimony in all respects as upon a trial before a judge of the district court. Upon conclusion of the evidence the Master made detailed findings and a full report, and recommended the entry of judgment in favor of plaintiff in the sum of $560.74.

Counsel for Maniatis filed objections to these findings, report and recommendation. The nature of the objections was such that the trial court could not intelligently pass upon them without having a reporter's transcript of the evidence introduced before the Master. However, no reporter's transcript of the evidence was supplied for the information of the judge who appointed the Master, and none was ordered until after the district court had entered judgment in accordance with the findings of the Master.

The hearing before the Master was concluded August 2, 1952; his report, containing findings of fact, conclusions of law, and memorandum opinion, was filed with the district court November 13, 1952; and the objections

thereto were filed November 21, 1952. These objections were heard April 30, 1953. May 21, 1953, the court entered its order approving the report, and judgment in the sum of $663.68, including interest to the date thereof, accordingly was entered. The purported transcript of proceedings before the Master was lodged in the district court July 20, 1953, and is incorporated in the record before us; however it contains no certification by the court reporter, and no verified statement of the Master, indicating that it is a correct record of the proceedings before the latter. September 13, 1953, said transcript was "approved, settled and signed" by the trial judge. It affirmatively appears from the record before us that the trial court did not have an opportunity at any time before the writ of error was issued herein to examine the evidence heard by the Master to determine whether his findings were supported or whether applicable legal principles were correctly applied in the course of the trial.

Among the grounds upon which counsel for Stiny rely for affirmance of the judgment is the assertion that, since a transcript of the evidence was not presented to the trial court, no showing was made that the findings of the Master were erroneous, and the trial court was required to accept the findings and enter judgment in accordance therewith.

Question to be Determined.

*Where, in an action, a trial court appoints a Master with full power to hear and determine all questions of fact and law raised by the pleadings; where such appointee conducts the trial and files his report containing findings of fact and conclusions of law, but does not file with said report a transcript of the proceedings and the evidence; where objections are made to such findings and conclusions, which could not properly be passed upon without a knowledge of the evidence heard by him; and where the trial court overrules said objections and enters a judgment in conformity with said findings and*

*conclusions without reviewing the evidence heard by the*
*Master; will said judgment be affirmed on writ of error?*

The question is answered in the negative. Rule 53 (e)
(1) R.C.P. Colo., provides as follows: "The master shall
prepare a report upon the matters submitted to him by
the order of reference and, if required to make findings
of fact and conclusions of law, he shall set them forth in
the report. He shall file the report with the clerk of the
court and in an action to be tried without a jury, unless
otherwise directed by the order of reference, shall file
with it a transcript of the proceedings and of the evi-
dence and the original exhibits. The clerk shall forth-
with mail to all parties notice of the filing."

In the instant case it is admitted that no transcript of
the proceedings was ordered prior to the entry of judg-
ment by the trial court. No court order or stipulation
was made or entered into, which could possibly have
made unnecessary the preparation of a transcript of the
proceedings before the Master. Rule 53, supra, sup-
planted section 232 of the Code of Civil Procedure and
the substance of the two sections is not so different as to
require a departure from the applicable rule adopted by
our Court in construing section 232 of the Code of Civil
Procedure. In *Jones, Adm'r. v. Van Horn,* 28 Colo. 126,
63 Pac. 307, a comparable factual situation existed. We
quote as follows from the opinion in that case:

"The record discloses that the court passed upon these
exceptions, and overruled them without examining the
testimony taken before the referee, and upon which he
based his report.

\* \* \*

"When proper exceptions are filed, the findings of the
referee do not become the findings of the court, unless
approved by the court. If the sufficiency of the evidence
to sustain the findings of the referee is challenged, the
court cannot determine this question without an ex-
amination of the testimony taken and reported by the
referee. The object of permitting exceptions to be filed

is to give the party filing them an opportunity to point out to the court wherein the report of the referee is erroneous. The authority of the court thus invoked cannot be exercised capriciously. It cannot act intelligently without an examination of the questions raised by the exceptions, and when they challenge the sufficiency of the evidence to sustain the findings of the referee, it is both the province and duty of the court to examine the testimony and review the conclusions of the former. Failing to do this, over proper exceptions, it has no authority to approve the report."

The foregoing rule was affirmed as being a correct statement of the applicable law in *Milliken v. Fredrickson,* 73 Colo. 534, 216 Pac. 714, and in *Peck v. Alexander,* 40 Colo. 392, 91 Pac. 38. These decisions control the disposition which must be made of the case at bar.

The judgment accordingly is reversed, and the cause remanded with directions to set aside the judgment heretofore entered and to proceed in conformity with the views herein expressed.