No. 18,856.

WILLIAM PARKER *v.* ELNORA PARKER BY HER MOTHER AND
NEXT FRIEND, NELLIE PARKER.
(350 P. [2d] 1067)

Decided April 11, 1960.

Messrs. RICHESON & KAHLER, for plaintiff in error.

Mr. VICTOR E. DEMOUTH, for defendant in error.

*In Department.*

PER CURIAM.

THE parties appeared in reverse order in the trial court. We will so refer to them here.

A decree of divorce was granted plaintiff on August

19, 1957, in the district court of Jefferson County, which became final under then existing law. The decree, by stipulation, awarded custody of the two minor children of the parties, boys two and four years of age, to the plaintiff mother. She and the children thereafter resided at her mother's home in Denver for a short time. Plaintiff cared for the children during the day while her mother was away at work. At night plaintiff was employed as a waitress and her mother tended the children at that time. After Thanksgiving day of 1957, the plaintiff moved to a small apartment, was employed as a waitress from six o'clock in the evening until two o'clock in the morning, and attended Opportunity School from nine to five o'clock during the day. The care of the children was entrusted to a Mrs. Barkhausen until the following February, and a Mrs. Baker had them until August 18 when she became ill, at which time plaintiff temporarily placed them with her aunt in Denver.

Defendant remarried May 30, 1958. His new spouse has two children of a prior marriage, both of whom live with her and defendant.

August 18, 1958, plaintiff called the defendant father by telephone in Denver and told him that she had no "sitter" for the children, that she had to work at night, and asked him to take them for a while. He thereupon took the children. Meanwhile, plaintiff made arrangements to keep them at the Denver Orphan's Home, which is a foster home for pay not requiring relinquishment of child custody. A nurse is in residence there and a physician is in attendance every other day. Parents may visit their children and "take them out" at will, subject to regulations of the home.

August 22, 1958, defendant by oral motion applied to one of the two judges of the district court for "temporary" custody of the children and "suspension" of support payments to plaintiff. The court granted the motion without notice to or appearance of the plaintiff. About the same date, plaintiff being unaware of the *ex parte*

court order, called defendant on the telephone and inquired about a return of the children to her, and was told by the defendant that she could not have them. A few days later, upon discovery of the ex parte order, plaintiff applied to the trial court to vacate it. On the same date, defendant moved the court for an award of permanent custody of the children to him.

At a hearing of the pending motions held September 15, 1958, a trial judge of the judicial district who did not enter the ex parte custody order, vacated it; denied defendant's motion for permanent custody, "reinstated" the original order granting custody of the children to the plaintiff, and allowed her an attorney's fee of $50.00.

The defendant has no summary of argument in his brief stating the grounds upon which he relies for a reversal. However, he has argued two propositions for relief in this Court. He says that the trial court erred in not permitting the ex parte custody order to stand and likewise erred in denying defendant's motion for permanent custody of the children. Defendant also complains of the allowance by the court of the $50.00 fee to plaintiff's attorney.

█ The ex parte order was void. The defendant claims under it. It was he who procured it. This court has many times held that notice is essential to due process. *Great West Min. Co. v. Woodmas of Alston Min. Co., et al.*, 12 Colo. 46, 55, 20 P. 771; *People v. Max*, 70 Colo. 100, 198 P. 150; *Weber v. Williams*, 137 Colo. 269, 324 P. (2d) 365. A parent cannot be deprived of the custody of his or her children without the notice required by due process of law.

The trial court found no change in the circumstances of the parties sufficient to justify a modification of the decree awarding custody of the children to the plaintiff. She presently is employed, attends school and has made the best arrangement possible for their care, and pays more for the support and care of the children than the defendant is required to pay to her. She is able to be

with them more at the home than was possible when they were cared for elsewhere. The defendant's right of visitation is preserved. At the time of inquiry defendant's financial competency had not improved and his present wife was employed and had her own two children to rear.

We cannot say that the trial court should have modified the decree under the circumstances. Trial courts are in better position than appellate courts to make appraisal of the facts which are decisive in matters involving the custody of children. It is only in cases of a clear abuse of discretion that this court is justified in interfering. *Searle v. Searle,* 115 Colo. 266, 172 P. (2d) 837; *Anderson v. Anderson,* 124 Colo. 74, 234 P. (2d) 903; *Harris v. Harris,* 140 Colo. 591, 345 P. (2d) 1061; *Coulter v. Coulter,* 141 Colo. 237, 347 P. (2d) 492.

The allowance of fees for plaintiff's attorney was proper. Considering the facts which made the fees necessary, the apparent circumstances of the parties and the equities involved, the order for the fee was just. *Averch v. Averch,* 104 Colo. 365, 90 P. (2d) 962. See also: 15 A.L.R. (2d) 1270, 1272, citing *Averch v. Averch,* supra, and *Zook v. Zook,* 118 Colo. 299, 195 P. (2d) 387.

The judgment is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE concur.