Mr. Justice Moore
specially concurring:
The majority of the court has directed that the rule to show cause heretofore issued in this action be discharged without written opinion. For the reasons hereinafter set forth I concur in the result obtained by the entry of that order. However, I think the controversy is worthy of an opinion and accordingly I submit the following as an expression of my views.
This is an original proceeding in which Cecil W. DeLong filed his petition for the issuance of a rule directed *365 to the respondents above named to show cause why-certain orders entered by the district court of the City and County of Denver should not be set aside.
It was alleged in said petition that DeLong was the plaintiff in an action for divorce pending in said court; that his wife filed a motion in said action for temporary alimony, attorney’s fees, and court costs. She also served written interrogatories on him under Rule 33 R.C.P. Colo., in which she sought information concerning his employment, his assets, and the amount and sources of his income; that these interrogatories were duly answered; that upon hearing of the motion for temporary alimony he was called for cross-examination by the attorney for the wife and she also took the stand and gave testimony pertinent to the inquiry; that the trial court refused to permit counsel for DeLong to ask him any questions and refused to permit cross-examination of the wife, and refused to permit any representation whatever on behalf of DeLong at the time of the hearing. It is further alleged that DeLong was denied due process of law and that the district court and the judge thereof by the entry of the orders complained of, “ * * * exceeded their jurisdiction and abused their discretion and plaintiff has no plain, speedy and adequate remedy by Writ of Error or otherwise * * * .”
Rule to show cause issued and the respondents have answered by asserting, inter alia, that the court properly refused to permit counsel for DeLong to examine his client, or to cross-examine witnesses because of the admitted failure on the part of said counsel to file the affidavit required by district court Rule 8(d) adopted by the judges of the Second Judicial District, which provides as follows:
“In every case involving financial relief, including division of property, counsel for each party, at least five days before the hearing, shall file and serve upon opposing counsel a sworn statement of the income, ex *366 penses, assets, liabilities and financial resources of the party he represents. The statement shall be in a form prescribed by the domestic relations division. Counsel who fail to comply with this rule shall not be heard on the date set for hearing, but the opposing party whose counsel has complied shall be heard when scheduled.”
It is further asserted that the order to which objection is made is a final judgment subject to review on writ of error, and that, “ * * * Plaintiff does have an adequate remedy by way of Writ of Error; that such being the case, original proceedings should not be entertained, * * * .”
The refusal of respondents to permit the attorney for DeLong to cross-examine the wife, or to propound questions to him following his cross-examination by her attorney, cannot be justified under the provisions of the local district court rule relied upon as justification for such refusal. The sanction imposed by the rule that, “Counsel who fail to comply with this rule shall not be heard on the date set for hearing, * * * ” as interpreted by the respondents, inflicts a penalty which is above and beyond any for which authority can be found in the Rules of Civil. Procedure. However, it does not follow that relief can be granted in this proceeding. The order entered by the respondent court was a final judgment which is subject to review on writ of error, and on such writ an adequate remedy is available. Ferkovich v. Ferkovich, 130 Colo. 228, 274 P. (2d) 602.
Original proceedings are only applicable to those matters in which an adequate remedy is not available on writ of error. We again assert that original proceedings may not be employed as a substitute for a writ of error.
Mr. Chief Justice Frantz concurs in these statements.