## No. 27539

**Nancy C. Olson v. The Honorable George G. Priest, one of the Judges of the First Judicial District, and The District Court of the First Judicial District of the State of Colorado**

(564 P.2d 122)

Decided May 23, 1977.

Craig A. Murdock, for petitioner.

Claude C. Wild III, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The petitioner seeks relief in the nature of prohibition pursuant to C.A.R. 21. The petitioner and her husband, Robert Olson, were granted a dissolution of marriage decree by the Jefferson County District Court on August 27, 1975, and the petitioner was awarded custody of the parties' two minor children. On February 3, 1977, the respondent issued an order granting Mr. Olson a temporary change in custody after an *ex parte* hearing with no notice to the petitioner. The petitioner alleges that the *ex parte* hearing violated her rights to due process of law because the respondent's order was not justified, as it did not comply with the standards set out in section 14-10-108(3), C.R.S. 1973. We issued a rule to show cause and now make the rule absolute.

On December 10, 1976, Mr. Olson filed a motion in the district court for a change of custody. Notice was served on the petitioner at her California home, but the motion was never set for hearing. The children of the parties were visiting in Colorado with their father. On January 30, 1977, the petitioner came to Colorado and, pursuant to the current custody decree, took the children back to California. Mr. Olson filed a motion for an immediate temporary change of custody on February 3, 1977, alleging that the petitioner had agreed to the custody change and that the elder child would suffer irreparable harm from his bedwetting problem if the motion was not granted. The petitioner did not have notice of this motion. Mr. Olson also sent to the petitioner at her California home a notice that the motion for permanent change of custody was set for June 25, 1977. Also on February 3, 1977, Mr. Olson appeared before the respondent and testified in support of his motion. The respondent issued the order changing custody effective that day, again with no notice to the petitioner. On February 4, 1977, the petitioner obtained a temporary restraining order against her husband from the Superior Court of Los Angeles County to prevent him from taking the children back to Colorado.

On February 16, 1977, after notice to Mr. Olson, the respondent heard the petitioner's motion to vacate the temporary change of custody. The respondent denied the motion on the basis of Mr. Olson's prior testimony at the *ex parte* hearing. Because the respondent's order is not a final judgment, Mrs. Olson filed this original proceeding.

The respondent argues that the temporary custody change based upon Mr. Olson's testimony at an *ex parte* hearing pursuant to section 14-10-108(3), C.R.S. 1973, did not violate the petitioner's due process rights because the respondent's general finding of the children's best interest met the "irreparable injury" standard of the statute. We are not persuaded by the respondent's argument.

■ Section 14-10-108(3), C.R.S. 1973, allows a court to grant a temporary restraining order on an *ex parte* motion *only* when the court finds that the moving party would suffer "irreparable injury" if the court waited until the other party was given an opportunity to respond. In the instant case, the motion for a permanent custody change was scheduled four and one-half months later. Mr. Olson, the only witness at the hearing, offered no such testimony, nor did the respondent court make such a finding. In fact, the respondent based his ruling upon the circumstances that the petitioner had taken the children back to California without advising Mr. Olson.

■ In *Parker v. Parker*, 142 Colo. 416, 418, 350 P.2d 1067, 1069 (1960), we held that a parent could not be deprived of the custody of her child without due process of law. Applying the *Parker* test here, it appears that the respondent erred in granting Mr. Olson's motion because (1) there was no evidence that irreparable injury would result to either the elder child or Mr. Olson if no order were issued until the time for responding had elapsed, and (2) the court did not make any finding of fact on that issue. In such a case, granting an *ex parte* motion under section 14-10-108(3), C.R.S. 1973, was improper because it deprived the petitioner of custody of her child without giving her notice, an opportunity to be heard, and an opportunity to cross-examine.

The Uniform Dissolution of Marriage Act, section 14-1-101, *et seq.*, C.R.S. 1973, provides a comprehensive scheme relating to custody matters. Sections 14-10-123-132, C.R.S. 1973. We observe that notice to the parent and custodian of the child and an opportunity to be heard are required in the commencement of a custody proceeding by section 14-10-123(2); temporary custody orders, section 14-10-125(1); and affidavit practice, section 14-10-132. In addition, the Uniform Child Custody Jurisdiction Act, section 14-13-101, *et seq.*, C.R.S. 1973, requires notice and opportunity to be heard. Section 14-13-105, C.R.S. 1973. These statutes clearly emphasize the importance in custody matters of the basic due process essentials: notice and an opportunity to be heard.

We therefore make the rule absolute.

MR. JUSTICE ERICKSON does not participate.