**In re the MARRIAGE OF: Elizabeth Ellen HENNE, Appellant,**

**and**

**Maximillian Andrew Henne, II, Appellee.**

No. 79CA1133.

Colorado Court of Appeals,
Div. I.

Nov. 13, 1980.

Eagan & Moore, Davis W. Moore, Jr., Denver, for appellant.

Timothy J. Simmons, Colorado Springs, for appellee.

RULAND, Judge.

Elizabeth Ellen Henne (the mother) appeals from an order of the trial court denying her motion to vacate certain orders pertaining to child support and child custody. We reverse as to certain orders and dismiss the appeal as to other orders.

In October of 1976, the marriage of the parties was dissolved by a decree of the trial court which incorporated a separation agreement. Pursuant to that agreement, the mother received permanent custody of the three minor children, and the father agreed to pay child support in the amount of $150 per month. Thereafter, the parties engaged in a dispute as to the father's exercise of visitation rights, and the mother left the state.

Between the dates of April 25, 1978, and January 17, 1979, the trial court entered the following orders either pursuant to motion of the father or on its own initiative: an order prohibiting the removal of the children from this state without prior court approval; an order granting permission for the mother's former counsel of record to

1. *But see McGraw v. District Court*, Colo., 601 P.2d 1383 (1979).

withdraw; an order directing that child support payments from the father be paid into the registry; an order directing the county department of social services to conduct a home evaluation of the children; and, an order directing that the child support payments which the father had made into the registry be refunded to him. Since the mother's whereabouts were unknown, she was not provided any notice prior to entry of these orders.

On January 29, 1979, a notice issued by the father's attorney was served upon the mother at her residence in California. The notice stated that on March 7, a hearing would be held on the father's unverified motion for change of custody which had been filed in October of 1978. However, a copy of the motion was not served upon the mother. On March 7, the father requested a continuance, and the hearing was reset for April 13. The mother was not given notice of the new hearing date.

On April 13, the trial court heard evidence presented by the father and entered an order granting temporary custody of the children to the father.[1] The order also directed the El Paso County Department of Social Services to assume physical custody of the children upon their return to this state and directed a home study recommendation and psychological evaluation of the parties. The trial court specifically found that the mother had secreted herself and the children in order to avoid receipt of notice and the court's orders.

On May 24, 1979, the trial court entered an *ex parte* order in which it directed the mother to make immediate arrangements for the return of the children to this state. The mother was directed to pay into the court registry an amount sufficient to pay the travel costs for the mother and the children to Colorado. The mother was not provided any notice prior to entry of that order.

The mother contends that the trial court erred in refusing to vacate all the above orders because she was not provided proper

notice thereof and an opportunity to participate in these proceedings. The father responds that this court lacks jurisdiction of the appeal because the orders are not final for purposes of review. In the alternative, the father argues that entry of the orders was proper. We respond to the father's jurisdictional contention first.

In dissolution proceedings, orders which resolve the issue of child support, even on a temporary basis, are final for purposes of review. *See Ferkovich v. Ferkovich*, 130 Colo. 228, 274 P.2d 602 (1954); *Greer v. Greer*, 110 Colo. 92, 130 P.2d 1050 (1942). This is because the order establishes the financial rights and obligations of the parties until the entry of permanent orders. *See Ferkovich v. Ferkovich, supra.* Hence, an order which denies the mother's request to vacate such an order on grounds of lack of notice must also be deemed final for purposes of review.

By similar reasoning, we conclude that the order prohibiting the mother from leaving this jurisdiction is also subject to review because, until the order is modified based upon events which take place thereafter, it finally resolves the mother's rights relative thereto. Finally, the orders allowing the mother's former attorney to withdraw and directing the home evaluation study in California permanently determine the mother's rights in this regard, as does the order directing her to return the children to Colorado. Hence, these orders are final for purposes of review.

Considering next the mother's challenge to these orders, we agree that the motion to vacate should have been granted. Pursuant to § 14-10-105, C.R.S.1973, the Rules of Civil Procedure govern proceedings under the Dissolution Act unless the Act contains contrary provisions. Service of notice is thus governed by the Rules of Civil Procedure. C.R.C.P. 4 contains specific provisions for service of notice when, as here, a spouse secretes herself; in addition, due process requirements dictate that notice be provided. *See Blank v. District Court*, 190 Colo. 114, 543 P.2d 1255 (1976).

As to the order granting temporary custody of the children to the father, we agree with the father that this order is not final for purposes of appeal to this court.

In *Olson v. Priest*, 193 Colo. 222, 564 P.2d 122 (1977), a dissolution decree was entered by the district court in August of 1975. On February 3, 1977, following an *ex parte* hearing with no notice to the mother of the minor children, the district court issued an order granting temporary custody of the children to the father. The mother then moved to vacate the custody order asserting that the *ex parte* hearing violated her right to due process. This motion was denied, and the mother sought review in the Supreme Court pursuant to C.A.R. 21. In commenting on the procedural posture of the case, the Court stated: "*Because the [district court's] order is not a final judgment, [the petitioner] filed this original proceeding.*" (emphasis supplied) Hence, review of these orders must be taken pursuant to C.A.R. 21.

The mother's appeal from the district court's order denying her motion to vacate the temporary custody order is dismissed. The order denying the mother's motion to vacate the other orders referred to in this opinion is reversed and the cause remanded with directions to vacate those orders.

PIERCE, J., concurs.

COYTE, J., dissents.

COYTE, Judge, dissenting:

I dissent.

I concur with the majority opinion on all issues except its treatment of the appeal on the custody issue. The appeal of the order of the trial court taking custody from the mother should also be reversed.

The mother had no notice of the proceedings and the *ex parte* order is void. *Parker v. Parker*, 142 Colo. 416, 350 P.2d 1067 (1960). This void order uproots the children from the State of California where they are living with the mother, and places them, as the order states, "temporarily" with the father, where the Department of Social

Services would assume physical custody of the children and arrange for their initial placement with visitation being not less than once a week upon ultimate determination by the parties and the court.

Thus, in practical effect, the order takes the children from their mother until the bureaucratic process grinds to an eventual finality. To the law, this may be a "temporary" order, but in the lives of those involved, it is not.

Furthermore, the majority is reading too much into *Olson v. Priest*, 193 Colo. 22, 564 P.2d 122 (1977). The case was before the Supreme Court on an original proceeding. That mere circumstance cannot be used as precedential authority for the proposition that an *ex parte* custody order is not appealable. Temporary maintenance and temporary child support are reviewable orders. By what magic is this void child custody order also not reviewable?

I would review the order as to the custody and since it was entered without notice to the mother, would find it void.