In re the MARRIAGE OF Nancy Carolyn RAPPE, Appellee,

and

Kenneth Allen Rappe, Appellant.

No. 81CA1082.

Colorado Court of Appeals, Div. III.

August 19, 1982.

Epstein, Epstein & Lozow, P.C., Peter L. Franklin, Frederick Epstein, Denver, for appellee.

Stephen J. Harhai, Denver, for appellant.

KELLY, Judge.

In this dissolution of marriage action, the husband, Kenneth Allen Rappe, appeals the denial of his motion for a team psychological evaluation of the family and mental examinations of the wife and son. The wife, Nancy Carolyn Rappe, contends that we lack jurisdiction because the orders are not final. We agree and dismiss the appeal.

The trial court entered a temporary custody order pursuant to the parties' stipulation, the propriety of which is not challenged. Husband then moved for a team psychological evaluation of the family, and later moved for a mental examination of the wife and son. These were *in limine* motions preliminary to the final disposition of the issues, which are still pending.

Both parties assert that *In re Marriage of Henne,* 620 P.2d 62 (Colo. App. 1980) is dispositive of the jurisdictional issue. The *Henne* court interpreted *Olson v. Priest,* 193 Colo. 222, 564 P.2d 122 (1977) as holding that a temporary custody order is not final for purposes of appeal. We agree with this interpretation.

However, the trial court's other orders in *Henne,* including an order granting husband's motion for home evaluation, were held to be final and reviewable. In this, we disagree with the *Henne* court, and decline to follow its interpretation.

A final judgment is one which ends the proceeding in which it is entered and which leaves nothing further to be done by the court pronouncing it concerning the rights of the parties to the proceeding. *See Jones v. Galbasini,* 134 Colo. 64, 299 P.2d 503 (1956). An order granting or denying a motion for mental examinations to be conducted for the purpose of resolving custody disputes does not establish the financial rights and obligations of the parties pending entry of permanent orders. *See In re Marriage of Henne, supra; Ferkovich v.*

*Ferkovich,* 130 Colo. 228, 274 P.2d 602 (1954). On the contrary, such orders are directly related to custody issues, and are no more final than are temporary custody orders. Accordingly, the propriety of such orders may not be reviewed on appeal, and this appeal is dismissed.

SMITH and KIRSHBAUM, JJ., concur.