In re the MARRIAGE OF Jean Montgomery WESTLAKE, Appellant,

and

Alfred Smith Westlake, Appellee.

No. 83CA0117.

Colorado Court of Appeals,
Div. II.

Dec. 15, 1983.

Johnson, Doty, Johnson & Bierbaum, Stanley F. Johnson, Bruce R. Johnson, Boulder, for appellant.

Miller, Gray and Hale, P.C., William R. Gray, Boulder, for appellee.

VAN CISE, Judge.

In this dissolution of marriage action, Jean Montgomery Westlake (wife) moved for temporary maintenance from Alfred Smith Westlake (husband). Pursuant to Twentieth Judicial District Rule 17, an evidentiary hearing on wife's motion was conducted in August 1982 by a court-appointed referee. The referee then made findings of fact and conclusions therefrom, and ordered husband to pay wife $900 per month temporary maintenance.

Pursuant to the same local Rule 17, husband timely filed his motion for court review of the referee's order. A transcript of the proceedings before the referee was filed with the court on October 7. On October 27, this motion was heard by the district court. It disagreed with the referee's conclusions, set aside the order, and entered a new order denying temporary maintenance. Wife filed a motion for new hearing or reconsideration, which motion was denied. Wife appeals. We affirm.

## I.

■ Holding that denial of temporary maintenance was not a final judgment, the district court refused to enter a C.R.C.P. 54(b) order requested by wife. There is logic in its position. However, our Supreme Court in *Hobbs v. Hobbs,* 72 Colo. 190, 210 P. 398 (1922) held that temporary alimony orders are reviewable as a final judgment even if there has not yet been a final judgment granting a divorce. This was followed in *Greer v. Greer,* 110 Colo. 92, 130 P.2d 1050 (1942) and *Ferkovich v. Ferkovich,* 130 Colo. 228, 274 P.2d 602 (1954). And, this court has held to the same effect in *In re Marriage of Henne,* 620 P.2d 62 (Colo.App.1980), a case decided under the present dissolution of marriage statute. Therefore, we agree that the temporary order is reviewable and will consider this appeal on its merits.

## II.

■ Wife contends that the district court erred in setting aside the findings and conclusions of the referee. Husband argues that the court acted properly and that, in any event, the court set aside only the conclusions and did not disturb the referee's findings of evidentiary facts. We agree with husband.

## A.

Relying on *In re Marriage of Smith,* 641 P.2d 301 (Colo.App.1981), wife asserts that the referee was in fact acting as a master under C.R.C.P. 53 and that his powers and the manner in which the trial court must treat his findings are governed by that rule. This leads her to conclude that the trial court was obligated to accept the referee's findings of fact "unless clearly erroneous." C.R.C.P. 53(e)(2). We agree.

However, here, the court conducted a review hearing based on the evidence presented to the referee. As required under C.R. C.P. 53(e)(2), it accepted the referee's findings of fact, but it rejected the referee's conclusions therefrom and substituted its own conclusions. This procedure is authorized under both C.R.C.P. 53(e)(2) and local Rule 17.

## B.

■ A determination of the propriety of the court's setting aside of the referee's award and entering an order denying temporary maintenance is controlled by §§ 14–10–108 and 14–10–114, C.R.S.1973.

Section 14–10–108 provides that either party may move for temporary maintenance and that "[o]n the basis of the showing made, the court may issue ... such temporary orders as are just and proper in the circumstances." Under earlier statutes with similar wording, the granting or denying of temporary alimony (now maintenance) has been considered to be within the sound discretion of the trial court, and, unless that discretion has been abused, the order is not to be disturbed on review. *See, e.g., Miller v. Miller,* 79 Colo. 609, 247 P. 567 (1926).

Section 14–10–114, although primarily applicable when the separate property has been set apart and the marital property has been divided, provides threshold requirements in subsection (1) to be utilized in determining whether maintenance is appropriate at all, and, if the threshold is crossed, supplies factors in (2) to be used in deciding the amounts and periods of time.

The trial court based its denial of any award on its conclusion that, inasmuch as wife had separate property of a value of at least $85,000 together with indeterminate income, she did not "lack sufficient property," without regard to her interest in marital property, "to provide for [her] reasonable needs." *See* § 14–10–114(1)(a), C.R.S. 1973. It further concluded that the requirements of § 14–10–114(1)(b), C.R.S. 1973, insofar as applicable, "that she was unable to support [herself] through appropriate employment," had not been proved by the evidence. The threshold requirements not having been satisfied, the court held this not to be an appropriate case for maintenance. The court then reviewed the factors in § 14–10–114(2), and concluded

that the facts did not support an award based on those factors.

█ The court did not abuse its discretion in its conclusions based on the evidentiary facts or in its holding denying wife temporary maintenance. As stated in § 14–10–108(5)(a), this order does not prejudice the rights of the parties which are to be adjudicated at subsequent hearings in this action.

The order is affirmed, and the cause is remanded for further proceedings.

SMITH and KELLY, JJ., concur.