**In re the MARRIAGE OF Vicki M. BRANTLEY, Appellee,**

**and**

**Norman D. Brantley, Appellant.**

No. 83CA0289.

Colorado Court of Appeals, Div. I.

Dec. 15, 1983.

No appearance for appellee.

Richard D. Gilson, Denver, for appellant.

METZGER, Judge.

In this dissolution of marriage action, husband appeals from the temporary orders concerning child custody and child support. We reverse and remand to the district court for further proceedings consistent with the views expressed herein.

In accordance with Rule 35 of the Rules of Practice of the District Court of the Second Judicial District, a hearing on temporary orders was held before a referee on September 29, 1982. At the conclusion of the hearing, the referee made detailed findings of fact and conclusions, as the referee *must* do, *see* C.R.C.P. 53(e)(1); *Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972), and directed wife's attorney to prepare the order. *See* C.R.C.P. 58(a)(3). According to the register of actions, husband filed a "motion for new hearing of temporary orders" on October 13, 1982, which was more than ten days after the hearing, but prior to entry of the written orders. *See* C.R.C.P. 58(a)(3); Rule 35(d), Rules of Practice of the District Court of the Second Judicial District. *Cf. People in Interest of M.C.L.,* 671 P.2d 1339 (Colo.App.1983). The referee signed the temporary orders on November 13, 1982, *nunc pro tunc* September 29, 1982, and the district court signed "So Ordered" on November 16, 1982, under the referee's signature.

On January 9, 1983, the district court entered an order reaffirming the referee's findings and recommendations, as the court had previously done on November 16, 1982, and ordered:

"THIS MATTER coming on to be heard upon the Respondent's Motion for New Hearing of Temporary Orders and the Court having reviewed the Motion believing itself to be fully advised in the premises finds that the Respondent's Motion for New Hearing is denied."

According to the record, this order was entered apparently without holding any hearing and apparently without a review of the transcript of the hearing before the referee, which bears a transcriber's certificate dated April 8, 1983.

On appeal, husband contends that the temporary orders concerning custody and child support constitute an abuse of discretion. He further contends that the district court erred in denying the motion for a new hearing on temporary orders, *i.e.,* that the court had no alternative upon the filing of the motion but to hold a *de novo* hearing. We hold that husband was not automatically entitled to a *de novo* hearing. However, we find that the procedure employed by the district court in denying husband's motion constitutes reversible error.

In light of this finding, we do not reach the merits of husband's first contention, though we do note that temporary orders concerning child custody are not subject to review by this court. *In re Marriage of Henne,* 620 P.2d 62 (Colo.App.1980). *See In re Marriage of Rappe,* 650 P.2d 1352 (Colo.App.1982).

A referee in a dissolution action acts as a master pursuant to C.R.C.P. 53, and the powers of the referee and the manner in which the trial court must treat the referee's findings are governed by C.R.C.P. 53. *In re Marriage of Smith,* 641 P.2d 301 (Colo. App.1981). As well, the provisions of any local rule in conflict with C.R.C.P. 53 are a nullity. *In re Marriage of Smith, supra; see also* C.R.C.P. 121(a).

C.R.C.P. 53(e)(2) provides, in pertinent part:

"In an action to be tried without a jury the court shall accept the master's finding of fact *unless clearly erroneous....* The court, *after hearing,* may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." (emphasis added)

This rule was interpreted in *Brown v. Brown,* 161 Colo. 409, 422 P.2d 634 (1967),

where, upon the filing of objections to the master's report, the court held an informal conference with counsel, examined the evidence before the master, and reversed the master's recommendation. The Supreme Court held that the trial court had erred in two respects.

"First, on a question of fact, insofar as it depends upon conflicting testimony, credibility of witnesses, and demeanor of witnesses, the master is the only one who can reach a conclusion in this area. When there is any testimony consistent with the findings, it must be treated as unassailable except when 'clearly erroneous.' ... [T]he *rule* binds the district court to accept the findings of the master just as effectively as [C.R.C.P.] 52(a) binds this court to accept findings of a trial court.

. . . .

The second error of the trial court was in disregarding the provision of rule 53(e)(2) wherein the trial court is granted, among other alternatives, the authority to reject the master's report *after hearing*." (emphasis in original)

The cause was reversed and remanded to the trial court with directions either to accept the master's report or, "if it be so inclined, to hold an evidentiary hearing . . . ."

Thus, under C.R.C.P. 53(e)(2), upon review of a matter heard by a referee, the trial court initially acts in the nature of an appellate court. The court must review the evidence in the record, *see Maniatis v. Stiny,* 130 Colo. 261, 274 P.2d 975 (1954), and may disturb the findings of the referee only if they are unsupported by evidence in the record. *Carlson v. Carlson, supra; Sunshine v. Sunshine,* 30 Colo.App. 67, 488 P.2d 1131 (1971). "[W]hen the trial court rejects the master's report, it can only make new findings *after* it has conducted a hearing of its own," *Sunshine v. Sunshine, supra* (emphasis in original), *i.e.,* a *de novo* hearing.

Rule 35(d) of the Rules of Practice of the District Court of the Second Judicial District provides:

"Any person in interest affected by an order or action of the referee ... may have the matter heard by the court by filing a motion for such hearing within 10 days after the entering of the order or the taking of the action. Upon the filing of such a motion, it shall be placed on the calendar of the court for as early a hearing as possible, by the court."

In the instant case, while the language of this local rule 35(d) could be construed as automatically entitling a person to a *de novo* hearing by the trial court, such an interpretation would be contrary to C.R. C.P. 53(e)(2) and governing case law. Moreover, that interpretation would create an unwarranted expenditure of judicial time and resources and would be contrary to the principle that procedural rules are to be "liberally construed to secure the just, speedy, and inexpensive determination of every action." C.R.C.P. 1(a). By employing the use of referees these goals are furthered, but the price is the concomitant restriction of the role of the trial court.

Accordingly, we hold that husband was not entitled to a *de novo* hearing before the trial court upon his filing of a motion for new hearing of temporary orders. He was, however, entitled to a hearing on the merits of his motion, *cf.* C.R.C.P. 53(e)(2); Rule 35(d) of the Rules of Practice of the District Court of the Second Judicial District; *In re Marriage of Smith, supra,* and to a review of the record by the trial court. *In re Marriage of Westlake,* 674 P.2d 1386 (Colo. App.1983) (No. 83CA0117, announced contemporaneously with this opinion).

Since it appears that he was afforded neither of these, the judgment is reversed and the cause is remanded to the district court for further proceedings consistent with the views expressed herein.

PIERCE and BERMAN, JJ., concur.