**In re the MARRIAGE OF Beth Dianne Friedmann ADAMS, Appellant,**

**and**

**Robert Christopher Adams, Appellee.**

**No. 88CA0524.**

Colorado Court of Appeals,
Div. V.

March 16, 1989.

Rehearing Denied April 13, 1989.

Certiorari Denied Aug. 7, 1989.

Nicholls & Kusic, John B. Kusic, Denver, for appellant.

Plasters & Williams, P.C., Tambor Williams, Greeley, for appellee.

CRISWELL, Judge.

This is an appeal from two orders of a district court referee that were affirmed on review by the district court. We dismiss the appeal from the order granting temporary custody of the children and affirm the order imposing sanctions for interference with that order.

When the parties' marriage was dissolved, the mother was awarded custody of the two children. Some years later, the district court entered an order enjoining her from removing them from the state.

A few weeks later, the father sought a contempt citation against the mother because of her removal of the children, and filed motions for sanctions pursuant to § 14–10–129.5, C.R.S. (1987 Repl.Vol. 6B) and for modification of custody. After a hearing, the referee awarded the father temporary custody, which order, we presume, was entered under § 14–10–129.5 to enforce the father's visitation rights, and

was not a purported exercise of authority under §§ 14–10–125 or 14–10–131, C.R.S. (1987 Repl.Vol. 6B). The following day, the father traveled to the state where the mother and the children lived to return the children to Colorado. However, the mother refused to reveal the children's location, and the father returned to Colorado without them.

Later, following a hearing, and as a sanction under § 14–10–129.5 for her interference with the father's custody, the referee ordered the mother to pay the costs the father incurred in his unsuccessful attempt to gain custody of the children pursuant to the temporary custody order. The district court reviewed both the order awarding the father temporary custody and the order imposing sanctions for the mother's hindrance to the father in gaining custody. It affirmed both.

## I.

We decline to address the mother's contentions with respect to the validity of the temporary custody award. An order awarding temporary custody is not an order that may be appealed to this court. *In re Marriage of Henne*, 620 P.2d 62 (Colo. App.1980). Thus, the mother's appeal of that order must be dismissed.

## II.

The Mother also contends that the trial court erred when it imposed sanctions for her failure to comply with its order awarding temporary custody of the children to the father. She argues that those sanctions are not appropriate only because, at the time the father attempted to obtain physical custody of the children, the temporary custody order was still subject to the fifteen-day automatic stay provided by C.R. C.P. 62(a). There is no merit to this contention.

Without passing upon the applicability of C.R.C.P. 62(a) to final orders in dissolution proceedings, we note that the applicability of that rule, by its express terms, is limited to a "judgment" and to "an *interlocutory* or final judgment in an action for an *injunction* or in a *receivership.*" (emphasis supplied) Accordingly, the automatic stay provided by this rule is applicable only to

final judgments and to specified, appealable, interlocutory orders. *See* C.A.R. 1(a).

The order granting the father temporary custody is not a "judgment," *see In re Marriage of Henne, supra,* and this dissolution action is not one for an injunction or a receivership. Thus, C.R.C.P. 62(a) is inapplicable to the temporary custody order the mother was found to have violated. That rule, therefore, did not stay the effectiveness of the temporary order, and it constituted no bar to the imposition of sanctions for her violation of that order.

The appeal from the order awarding temporary custody of the children to father is dismissed. The order imposing sanctions upon mother is affirmed.

HUME and REED, JJ., concur.