**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ROBERT G. KOWALSKI,

    Plaintiff - Appellant,

v.

ELIZABETH H. KELLEY,

    Defendant - Appellee.

No. 25-1380
(D.C. No. 1:25-CV-02382-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Robert G. Kowalski appeals the dismissal of his 42 U.S.C. § 1983 action against

State of Colorado Magistrate Judge Elizabeth H. Kelley in her individual and official

capacities.  His amended complaint alleged that she violated his Fourteenth Amendment

rights to due process and equal protection.  It also alleged that she violated the Colorado

Code of Judicial Conduct.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A federal magistrate judge recommended dismissal of Mr. Kowalski's individual capacity claims based on judicial immunity.  He recommended dismissal of the official capacity claims based on Eleventh Amendment immunity.  Mr. Kowalski objected.  The district court agreed with the recommendations and entered judgment for Magistrate Judge Kelley.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm dismissal of the individual capacity claims, vacate dismissal of the official capacity claims, and remand for further proceedings.[1]

A. *Factual Allegations*

The amended complaint alleged as follows.

Magistrate Judge Kelley presided over the child custody proceeding following a decree dissolving Mr. Kowalski's marriage.  ROA at 452.  During an in-camera interview with his teenage son, she referred to Mr. Kowalski as "toxic."  *Id.* at 449, 453.  She permitted his spouse's counsel to join the interview but excluded Mr. Kowalski.  *Id.* at 449.  When counsel reported that Mr. Kowalski had walked out of the courthouse, she used this information to "fabricate[] a perceived danger" and made a "suggestion of ordering a Sheriff's escort" for the son.  *Id.* at 450.  She ruled that Mr. Kowalski had

---

[1] Because Mr. Kowalski appears pro se "we liberally construe his filings, but will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Mr. Kowalski asks for a certificate of appealability to proceed with this appeal, Aplt. Br. at 1, 21-22, but he does not need one because he does not seek review of the denial of habeas corpus relief.  *See* 28 U.S.C. § 2253(c).

caused emotional harm to his son and removed the son and his daughter from his care. *Id*. at 450-51. She also ordered that he undergo psychological testing. *Id.* at 452. Finally, her procedural rulings allegedly showed a pattern of bias. *Id.* at 463.

## B. *Discussion*

### 1. Individual Capacity Claims – Judicial Immunity

The federal magistrate judge recommended dismissal of the individual capacity claims based on judicial immunity because Magistrate Judge Kelley's statement at the in-camera interview was not made "in the clear absence of all jurisdiction." *Id.* at 469-70.

Mr. Kowalski filed objections, contending that "Defendant Kelley acted without any colorable claim of jurisdiction" when she made the statement, ordered him to undergo a psychological evaluation, and ordered a Sheriff's escort for his son based on a "fabricated threat." *Id.* at 484-89.[2] The district court rejected these objections without explanation and adopted the federal magistrate's recommendation. *Id.* at 519-20.

On appeal, Mr. Kowalski again asserts that Magistrate Kelley acted without jurisdiction. Aplt. Br. at 2, 11-17. Although neither the federal magistrate judge nor the

---

[2] The amended complaint alleged that Magistrate Judge Kelley "suggested a Sheriff's escort" and made a "suggestion of ordering a Sheriff's escort." ROA at 450. In his objections to the federal magistrate judge's recommendation, Mr. Kowalski said Magistrate Judge Kelley "ordered a Sheriff's deputy escort of [his] minor son." *Id.* at 488. He asserts the same in his brief to this court. Aplt. Br. at 15.

district judge addressed the psychological evaluation order or the "fabricated threat" escort, his arguments on judicial immunity are unavailing.[3]

Federal courts have "consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005) (quotations omitted). A judge having subject matter jurisdiction over the alleged action is immune from suit. *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-57 (quotations omitted).

Mr. Kowalski does not dispute that the state court had jurisdiction over the child custody matter. *See* Colo. Rev. Stat. §§ 14-13-101 et. seq. He argues that Magistrate

---

[3] In his amended complaint, Mr. Kowalski listed examples of judicial discipline by the Colorado Supreme Court for inappropriate comments. ROA at 456-57. He raised this point in his objections to the federal magistrate's recommendations, *id.* at 485, and in his brief to this court, Aplt. Br. at 12.

Even so, this case concerns judicial immunity from § 1983 civil liability as opposed to judicial discipline proceedings. *See In re Assad*, 185 P.3d 1044, 1053 (Nev. 2008) (rejecting a judge's contention that dismissal of a § 1983 action against him based on judicial immunity precluded subsequent discipline based on the Nevada Commission on Judicial Discipline's finding that he violated the Code of Judicial Conduct); *Hall v. Necessary*, No. 2:21-cv-131, 2021 WL 12262516 at *1 (E.D. Tenn. Dec. 10, 2021) (unpublished) (Code of Conduct regulates judges through disciplinary bodies but "does not, however, abrogate judicial immunity") (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1).

Judge Kelley clearly acted outside the court's jurisdiction. But the amended complaint does not support his argument. She made her comments at the in-camera interview in exercise of her jurisdiction. The same point applies to the protective escort.

As for ordering the psychological evaluation, in Colorado "[a] district court may order a parent to complete psychological counseling when it is in the child's best interests." *In re Marriage of Isaac and Ball*, No. 19CA1981, 2021 WL 12343917 at *4 (Colo. App. Feb. 4, 2021) ; *see also In re Marriage of Neri*, No. 20CA1574, 2021 WL 12341817, at *1 (Colo. App. Nov. 18, 2021) (recognizing use of psychological evaluations in Colorado dissolution and child custody cases); *In re Marriage of Yates*, 148 P.3d 304, 307 (Colo. App. 2006); *In re Marriage of Henne*, 620 P.2d 62, 63 (Colo. App. 1980) (same).[4]

We affirm dismissal of the § 1983 individual capacity claims based on judicial immunity.[5]

---

[4] In his amended complaint, Mr. Kowalski alleges the psychological evaluation order violated his Fourth Amendment rights. ROA at 452. His brief states that his due process claim is based on the Fourth Amendment. Aplt. Br. at 2, 9. Due process protection against state action comes from the Fourteenth Amendment. Our affirmance of dismissal based on judicial immunity does not turn on whether Mr. Kowalski is asserting a Fourth Amendment claim, a Fourteenth Amendment claim, or both.

[5] We note another issue with Mr. Kowalski's individual capacity claims. The amended complaint "prays for" "declarative and injunctive relief" and "reasonable attorney fees," but it does not expressly ask for damages. ROA at 465. "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011).

### 2. Official Capacity Claims – Eleventh Amendment

The federal magistrate judge recommended dismissal of the official capacity claims, explaining they should be considered to be claims against the State of Colorado, which is generally entitled to Eleventh Amendment immunity. He said the exception to immunity under *Ex parte Young*, 209 U.S. 123 (1908), for prospective relief does not apply because "there is no indication that any federal violation is ongoing." ROA at 471-72.

In his objections to the recommendation, Mr. Kowalski argued, referring to the psychological evaluation and *Ex parte Young*, that the alleged "unconstitutional actions . . . are continuing and ongoing, and will necessarily occur in the future absent action providing prospective declaratory and/or injunctive relief." *Id.* at 478. He pointed out that the recommendation did not address the psychological evaluation. *Id.* at 481. As noted above, the district court order adopting the federal magistrate's recommendation rejected Mr. Kowalski's objections without explanation. *Id.* at 519-20.

On appeal, Mr. Kowalski again relies on *Ex parte Young*, argues the psychological evaluation order is an ongoing violation, and notes that neither the federal magistrate judge nor the district judge considered this point in addressing his official capacity claims. Aplt. Br. at 17-20.

The amended complaint relied specifically on the psychological evaluation order in the due process claim. ROA at 451-52. For relief on that claim, it briefly "prays for" "declarative and injunctive relief." *Id.* at 465.

The federal magistrate said Mr. Kowalski's "claims against Defendant Kelley in her official capacity are barred by Eleventh Amendment immunity unless Plaintiff is seeking prospective injunctive relief." *Id.* at 470. He found that Magistrate Judge Kelley's statement during the in-camera interview was not an ongoing violation but rather a "past harm[]" and "does not fall into the *Ex parte Young* exception to state sovereign immunity." *Id.* at 472.

The federal magistrate judge and district judge did not address whether the psychological evaluation order is an ongoing violation for which Mr. Kowalski requested prospective relief under *Ex parte Young*. Without the benefit of analysis from the district court or any briefing on this issue from the official capacity defendant, "we believe the prudent course is to remand the matter to the district court to perform a more complete analysis." *Ellis v. Salt Lake City Corp.*, 147 F.4th 1206, 1230 (10th Cir. 2025).

## C. *Conclusion*

We affirm the district court's dismissal of the individual capacity claims. We vacate the dismissal of the official capacity claims and remand for further consideration.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

7