## W. F. GROUNDS *v.* J. RALPH.

APPEAL DOES NOT LIE TO SUPREME COURT FROM JUDGMENT of a district
court rendered by it on an appeal from a justice's court, when the amount
of the judgment does not exceed two hundred dollars.

WHERE APPEAL IS FROM JUDGMENT ONLY, the judgment roll is the only
thing that can be considered by this court, no matter how many other
papers the clerk may choose to embody in the transcript. And if no
error appear in the judgment roll, the appeal will be dismissed.

APPEAL from the district court of the third judicial
district, Mohave county. The opinion states the case.

*A. E. Davis,* for the appellant.

*Murphy and Blakely,* for the respondent.

By Court, DUNNE, C. J.:

This cause was commenced in a justice's court, and was
a money demand for two hundred and fifty dollars. Ralph
obtained a judgment there for one hundred and fifty dollars.
Grounds appealed to the district court; judgment was there
given in favor of Ralph for sixty-two dollars and fifty cents,
and costs. Grounds appeals to this court from the judg-
ment.

1. An appeal to this court does not lie in such a case.
The appellate jurisdiction of this court is established by
law, as follows, Comp. Laws of Arizona, p. 365:

"Sec. 3. The supreme court shall have appellate juris-
diction in all cases when the matter in dispute exceeds one
hundred dollars, when the legality of any tax, toll, or impost,
or municipal fine is in question, and in all criminal cases
amounting to felony, on questions of law alone.

"Sec. 4. The supreme court shall have jurisdiction to
review, upon appeal or other proceeding provided by law:
1. A judgment in an action or proceeding commenced in
the district courts, when the matter in dispute exceeds two
hundred dollars, or when the possession of land or tene-
ments is in controversy, or brought into that court from
another court; and to review, upon the appeal from such
judgment, any intermediate order involving the merits and
necessarily affecting the judgment. 2. An order granting

or refusing a new trial, sustaining or overruling a demurrer, or affecting a substantial right in an action or proceeding."

As this case was not commenced in the district court, and is not one of those which could be heard here in any event if the amount in dispute exceeded one hundred dollars, the appeal must be dismissed.

Even if the appeal could be entertained, the judgment of the court below would be affirmed. Appellant asks us to set aside the judgment, on the ground that the evidence is insufficient to support it, but he has furnished us no evidence to examine. The transcript contains a statement of evidence which was used on the motion for new trial, but there is no statement on appeal, nor any stipulation that the statement used on motion for a new trial should stand as the statement on appeal. There is no appeal here from the order denying a new trial. The appeal is from the judgment only. In such case the only thing before the court is the judgment roll as defined by statute, and no matter how many other papers the clerk may choose to embody in the transcript, this court can not act upon anything but the judgment roll.

The statute prescribes means by which this roll may be made full enough to cover every point made on the appeal, viz., by allowing a party to file a statement of points and evidence, even when the appeal is directly from the judgment. Then the party has also his motion for a new trial, and his appeal from an order denying it. In this case the party appealing has come up with a naked appeal from the judgment, and no statement whatever on appeal. In this case the judgment roll consists of an account filed in a justice's court and a copy of the judgment in the district court, and nothing else. Comp. Laws, sec. 205, p. 417. It is not claimed by the appellant that there is any error in this part of the transcript, neither on examination do we find any.

The appeal is dismissed with costs.