## No. 11,439.

### BERNSTEIN, ET AL. *v.* GOLDBERG.

Decided February 14, 1927.

Action for dissolution of a copartnership, accounting and appointment of a receiver. Judgment for plaintiff.

### *Affirmed.*

1.  PLEADING—*Copartnership.* In an action for dissolution of a copartnership, the contention that the complaint does not state a cause of action because there is no allegation that the partners were to share in the losses as well as profits, is overruled, as the complaint and answer taken together clearly show a partnership.

2.  APPEAL AND ERROR—*Pleadings—Defect—Waiver.* In an action for dissolution of a copartnership and accounting, where defendants expressly consented to the decree which dissolved the copartnership and ordered an accounting, they cannot on review insist that the complaint fails to state a cause of action.

3.  APPELLATE PRACTICE—*Supersedeas.* Answer and argument against a motion to dismiss application for a supersedeas are unnecessary where the supersedeas has been granted.

4.  TRIAL—*Evidence—Witnesses.* In the trial of an action for dissolution of a copartnership and accounting, reluctance of defendants and their employees to enlighten the court on the facts involved, may properly be considered in passing upon various objections and motions of defendants' counsel, and in determining the weight and sufficiency of the evidence and credibility of witnesses.

5.  REFEREES—*Report—Amendment.* Where an error is discovered in a referee's report, the court may properly permit a second report to be filed correcting the error. The fact that the referee made an error in his first report which he subsequently called to the attention of the court, is no reflection upon his credibility.

6.  PRACTICE AND PROCEDURE—*Accounting—Review.* In an action for dissolution of a copartnership and an accounting, defendants, under the Code, may have a review of the court's decree ordering a dissolution and accounting, before the costs and expenses of the accounting are incurred.

7.  APPEAL AND ERROR—*Referees—Decree.* In an action for dissolution of a copartnership and accounting, it is held under the facts disclosed that defendants had no just cause for complaint of the decree of court approving the reports of its referee and receiver.

8.  COSTS—*Taxing.* The matter of costs in an action for dissolution of a copartnership and accounting, rests largely within the discretion of the trial court, and where necessity for the suit and costs are directly traceable to the conduct of defendants, all costs are properly taxed against them.

*Error to the District Court of Pueblo County, Hon. Samuel D. Trimble, Judge.*

Mr. WILLIAM T. BURRIS, for plaintiffs in error.

Mr. E. F. CHAMBERS, Mr. A. T. STEWART, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a suit in equity by one of three members of an alleged copartnership—doing business under the name of Colorado Auto Parts and Replacement Company—against the other two for a decree of dissolution thereof, for an accounting, for the appointment of a receiver to take possession of its property and assets, and to sell the

same, collect the debts and, after payment of expenses of the suit and the receivership, to distribute the net proceeds to the partners according to their respective interests. To this complaint the defendants, plaintiffs in error here, filed a general demurrer which was overruled and thereafter they filed a joint answer which denied their partnership with plaintiff, Mrs. Goldberg, but alleged that they had employed her husband, A. Goldberg, to act as their manager for a store which they were then conducting in the city of Pueblo and agreed to pay him for his services the sum of forty dollars a week— the defendants jointly to have an equal sum—and in addition thereto to give Goldberg one-half of the profits of the business after deducting losses and expenses. The answer further alleges that after this contract was made with A. Goldberg, the latter requested that the share of the profits to which he would be entitled thereunder be paid to his wife and defendants agreed thereto. The answer further alleges that about five months after this agreement was made defendants discharged Mr. Goldberg and thereafter they asked the plaintiff to select someone to act with someone selected by them ''to audit the books of the company and make an inventory and appraisement of the stock on hand so as to determine what, if any, profits there might be to be divided between the plaintiff and defendants, which the plaintiff refused to do; that the defendants herein at all times have been and now are ready and willing that an accounting be had by the plaintiff and defendants; that they have at all times since the discharge of said A. Goldberg permitted the plaintiff herein to remain in said place of business and observe the operation thereof; that the defendants are possessed of ample property and means to enable them to pay any amount which this honorable court may find plaintiff herein entitled to.'' The answer concludes with the prayer to the court that the appointment of a receiver asked for be denied; but that an

accounting be had between the plaintiff and the defendants to determine what, if any, sum is due to her from the defendants as her share of the said business prior to October 4, 1921, when they discharged her husband, and for further relief. To this answer there was a replication traversing the affirmative allegations of the answer as to the partnership relations between the plaintiff and the defendants. After the issues of fact were joined, and upon a mass of conflicting evidence, the court found all the issues for the plaintiff, and thereupon made an order denying the appointment of a receiver, but, upon its finding that a copartnership existed between the plaintiff and the defendants as alleged in the complaint, entered a decree so adjudging, and in the decree and upon the consent and request of defendants themselves, as well as the request of the plaintiff, appointed a referee to proceed with the accounting and report his findings. When this decree was entered, to save costs and expenses, the court made another order permitting the defendants, at their request, to conduct the business until further order of the court. Thereafter, upon a showing made to the court by the plaintiff that the defendants were abusing the trust and confidence imposed in them by the court, a receiver, on plaintiff's application, was appointed to take possession of the property and proceed to wind up the affairs of the copartnership by selling the property and reporting his action in the premises to the court. The receiver made sale of the property and assets of the copartnership and in connection with the accounting, that he made as referee under another previous order, reported to the court what each member of the partnership was entitled to after all costs and expenses of accounting and of the receivership and the costs of the suit were paid. The foregoing detailed statement is made to elucidate the many objections that are urged here by the defendants to the decree of the court which, in all substantial respects, approved and affirmed the

report and recommendations of the receiver and referee, Mr. Leddy, who acted in both capacities.

1.   The principal question of law is that tendered by the general demurrer to the complaint, the point being that the complaint does not state a cause of action upon the ground, as we understand the argument, that there is nothing but a mere allegation that a copartnership existed, and because there is no specific allegation that the partners were to share losses as well as profits.   The complaint does not specifically allege that the parties were to share losses, but it sufficiently appears, we think, from its averments as a whole, that the parties were to share the profits only after expenses and losses were deducted.   However that may be, whatever defect, if any, in this or any other respect, there might be in the complaint as an action for the dissolution of a copartnership and for an accounting, is cured by the defendants' answer.   In that answer they allege that there was a copartnership between themselves and the husband of the plaintiff but not between them and the plaintiff. It is true they do not directly state in their pleading that there was a copartnership between them and plaintiff's husband but the affirmative allegations in the answer, that, in addition to a certain salary which they were to pay, and A. Goldberg was to receive, as compensation for his services in carrying on the business of the copartnership, Goldberg was to receive one-half of the net profits and the defendants were to receive the other half.   If these allegations are true, there was a copartnership as between defendants and plaintiff's husband. That is, the complaint and answer taken together, clearly show a copartnership.   Plaintiff says the same was composed of herself and defendants.   Defendants say the members were plaintiff's husband and defendants.   As the court found, and rightly so, that issue in plaintiff's favor, all the objections to the sufficiency of the complaint are entirely without merit.   Moreover the answer further alleges that after defendants discharged Gold-

berg they asked the plaintiff, Mrs. Goldberg, to select someone to act with someone selected by them to audit the books of the copartnership for the purpose of determining what profits there might be to divide between the plaintiff and the defendants, which the plaintiff refused to do and that the defendants are now ready and willing, and in the prayer of their answer specifically ask, that an accounting be had between the plaintiff and the defendants to ascertain what profits are due to each member of the firm. If there were profits to be divided between them, it must have been the profits of the joint business which in her complaint the plaintiff says was being conducted and being carried on by her and the defendants. So that, though not holding the complaint to be subject to the general demurrer, we do say the defendants may not be heard to object to the alleged insufficiency. Indeed, they themselves expressly consented to the decree of the court which dissolved the copartnership and ordered an accounting. It is too late for them on this review to insist that the complaint, the foundation of the suit and the basis for the accounting, fails to state a cause of action for dissolution and accounting.

2. The first eleven pages of the brief of the defendants, who are plaintiffs in error here, consist of an answer to the motion interposed by the defendant in error to dismiss the application of the plaintiffs in error for a supersedeas. This entire argument is unnecessary and not pertinent to any question now before us, in view of the fact that this court granted the application for a supersedeas. The main controversy is now to be disposed of on the merits.

3. Numerous assignments of error have been argued. We have given to all of them attentive consideration and are constrained to say at the outset that not one of the assignments has merit when viewed in the light of the sustaining evidence and of the specific findings of the

receiver and the referee which, after thorough considera-
tion, were approved by the trial court. Goldberg's ex-
perience in the business in question, his ability to con-
duct it and a small contribution to its capital, were, by
agreement of the parties, considered equal to and the
equivalent of the inexperience and larger contribution
of capital by the Bernsteins. The record abounds with
convincing evidence as the trial court evidently found
that the defendants, after they discovered that this busi-
ness under the management of A. Goldberg, acting for
his wife, had proved unusually profitable, determined,
by unlawful methods, if necessary, to work a dissolution
of the firm and to appropriate to themselves the fruits
of the efforts of the Goldbergs. Though they aver in
their answer that they are ready and willing to have
an accounting of the business during the time it was
under the management of plaintiff's husband, yet when
the referee who was appointed to make the accounting,
which defendants themselves asked, endeavored to as-
certain its status, defendants offered no assistance what-
ever, but placed in his way apparently every available
obstacle. It was only through the efforts of the plain-
tiff by calling the defendants for cross-examination that
any light which they could or would furnish was thrown
upon the affairs of the concern. The evidence is con-
clusive that the copartnership agreement had been re-
duced to writing and signed by all of the copartners
and copies thereof were made for them respectively.
Defendants testified that they had lost their copy and
asked for and received from the plaintiff her copy of
the agreement. Before this suit was brought the plain-
tiff demanded of the defendants a return of her copy.
The defendants did not return it but said that it also was
lost. When the defendants' attorney was put upon the
stand by the plaintiff to be interrogated with reference to
the written contract, he invoked his privilege and was
not permitted to testify either as to the existence of the

written instrument or its contents. The stenographer for the attorney to whom it was dictated testified that she had lost her notes. It was only when the defendants' book of accounts was discovered by the referee or some-one else in the store building and it was ascertained that this written contract, upon which this action is based, and which on its face furnishes conclusive evidence of the existence of the copartnership, had been copied at length in the book, that the defendants reluctantly were compelled to admit that the plaintiff was a member thereof. These were proper matters for the court to take cognizance of when it passed upon the various motions and exceptions and objections of defendants' counsel and in passing upon the weight and sufficiency of the evidence and the credibility of witnesses.

Some of the objections now interposed relate to proceedings in the case while counsel for the defendants, who appears for them upon this review, was not in the case and when defendants were represented by other and able counsel. This in a measure possibly explains why matters have been brought to our attention in the briefs of the plaintiffs in error which are, in view of the conduct of the case before he entered it, wholly without merit in themselves and were acquiesced in by defendants through former counsel. Another objection argued at length is that the referee in his first final report made an error of considerable magnitude which, after discovery by him, he called to the attention of the court and asked, and was granted, permission to file a second final report correcting the error in the first one. It is said that the court committed error in granting this request. It is a little difficult to understand why such an assignment is urged. If the first report was erroneous the court properly permitted the second report to be made and if, as is true, the second report was to the advantage of the defendants, the error, if any, instead of being prejudicial was helpful to them. The real point,

however, of the objection seems to be that a referee who is guilty of such an error ought not to be believed and the court should not have accepted the rectification of the error embodied in his second report. There is no merit in such a contention, in the light of all the pertinent evidence.

4. To consider specifically the twenty or more assignments would serve no useful purpose, or furnish a guide in similar future cases. Indeed, we doubt if another such case of misconduct by one partner as against the rights of another is likely to arise in the future. It is sufficient to say that an examination of the voluminous abstract of the record convinces us of the fairness and accuracy of the referee and receiver. The record also shows a considerateness, and an exhibition of patience towards defendants, by the trial court, in aggravating circumstances, such as seldom, if ever, is indulged towards an offending litigant. As already indicated, after Mrs. Goldberg had entered into this copartnership agreement and through the efforts of her husband, as her representative, the joint business yielded large and unexpected profits, the defendants' entire course indicates that they were determined to defraud Mrs. Goldberg and appropriate to themselves alone the profits of the thriving business which through her efforts had been built up. It is true that though the business continued only about five months after the partnership was formed, her share of the profits of the receiver's sale of its assets and property amounted to nearly $3,000, while the defendants received about $900 as decreed by the court. This is not surprising to one who reads this record which shows, among other things, that a firm bank account of about $1800 disappeared after Goldberg was discharged by the defendants. No satisfactory explanation thereof is given. Even if the final report of the receiver and referee does not exhibit the true state of the account in every particular, it is due to the actions and the methods of the defendants themselves and results from obstacles they inter-

posed, and is due to the absence of evidence which they possessed but refused to offer. After the trial court had entered the decree for dissolution and for an accounting, upon representations made by the defendants, and their claim that they were possessed of ample means to respond to any judgment that might be entered against them, they were permitted to conduct the affairs of the business pending the determination by the court of the relative rights of the parties and of their respective shares in the profits of the business. They were directed both by the referee appointed by the court to make the accounting, and later by him under his appointment as receiver, to keep accurate accounts of their transactions in the conduct of the business. This they wholly failed to do. They say that they made written slips indicating what business they transacted, but they never entered on partnership or other books what was contained in these slips which they said they made from day to day. They say that they left these slips on a shelf in the storeroom when they were required to vacate and to hand over the business to the receiver, but these slips were never tendered to, or received, or discovered by, the receiver or anyone else. Whatever difficulties and embarrassment the receiver and referee and the court met with in determining the rights of the parties is, as stated, due very largely, if not exclusively, to the conduct of the defendants themselves. Our examination of this record convinces us that Leddy, the receiver and referee, has reached a conclusion as nearly right as is possible in the difficult and embarrassing situation that confronted him. Defendants certainly have no reason to complain.

5. In the foregoing we have assumed that the plaintiffs in error are entitled to a hearing in this court upon the merits. They might under our Code have had in due course the judgment of the Supreme Court upon the trial court's decree of dissolution and accounting before costs and expenses of the accounting were incurred.

They did not see fit to do so but themselves asked for, and consented to, the accounting. Several years after the dissolution decree was entered they asked leave of the court to file an amended answer which, in some of its allegations, is directly contradictory to their original answer. They offered no reason for the delayed filing of an amended inconsistent pleading, and no sufficient reason was given for not filing, or offering to file, the same before the evidence was taken upon the issues tendered by the original answer.

6. Counsel for plaintiffs in error is caustic in his criticism of Mr. Leddy who acted both as referee and receiver. His assertion that a court officer who commits a serious error in a report which he himself asks to have rectified when it is discovered, is unjust. The mistake appears to have been a clerical mistake, though of considerable magnitude, not at all intentional, and when corrected, as it should have been, inured to the benefit of the defendants themselves. We are satisfied that the defendants have no just cause of complaint of the decree of the court which approved the findings of its appointees.

7. The matter of costs, of which complaint is made, rests largely in a suit of this kind in the discretion of the trial court. If there ever was a case where the entire costs should be taxed, as they were, to one member of a copartnership firm in a proceeding for a dissolution and accounting, this case is one of them. The necessity for the suit and for all the costs resulted from, and is directly traceable to, the wrongful conduct of the defendants themselves, which compelled the plaintiff, in order to get any relief, to institute the suit. The decree of the court must be and is affirmed in its entirety.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.