410 P.2d 954

**John C. WATSON, Plaintiff-Appellee,**

v.

**Howard LUNT, Defendant-Appellant.**

No. 7631.

Supreme Court of New Mexico.

Feb. 7, 1966.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellee.

LaFel E. Oman, Garnett R. Burks, Jr., Las Cruces, for appellant.

CARMODY, Chief Justice.

The trial court awarded judgment in favor of the plaintiff below and denied defendant's counterclaim in an action for an accounting of partnership funds. The partnership, L & W Land Movers, was formed by oral agreement in September, 1959, and was dissolved six months later. The court found that after all credits and offsets, the plaintiff was entitled to the sum of $2,346.51.

The defendant claims, in part, that there was no evidence to support a finding that

the partnership had made certain payments on two pieces of equipment, a John Deere pull and a D-7 caterpillar, and that there was no evidence to establish the value of the partnership's interest in either piece of equipment at the time of dissolution.

The pull and the D-7 were retained by defendant upon dissolution of the partnership, and were subsequently sold by him, and from the proceeds was paid the balance due on each. The partnership's equity in these pieces of machinery formed the major portion of the partnership assets.

Defendant asserts there was not sufficient evidence to support the court's finding that the partnership had made payments of $2,298.90 on the John Deere pull and $2,116.08 on the D-7 caterpillar, totaling $4,414.98. He contends further that even if such findings are supported, he should account for the equipment on the basis of its value at the time the partnership was dissolved and not on the basis of any amounts which the partnership may have invested in such equipment, and that there is no substantial evidence in the record establishing such value at time of dissolution.

■ The plaintiff argues that because payments were made on the equipment, it must have been the partnership that made them, and the court so found. The evidence does not support this finding. By plaintiff's own exhibit, the partnership had total deposits during its entire existence of $4,475.22. Again by plaintiff's own exhibit, the partnership paid expenses, no part of which constituted equipment payments, of $1,980.52. Plaintiff also testified that he was paid one month's salary of $250.00, for a total of $2,230.52 paid out in cash. The partnership therefore could have had a balance of no more than $2,244.70. The court found, however, that the partnership paid $4,414.98 on the equipment; although there is no direct evidence other than defendant's testimony as to who made all of these payments, it is obvious from the exhibits that it could not have been the partnership. The court's finding cannot be sustained.

The trial court, in determining plaintiff's award to be $2,346.51, stated that "a recapitulation of the profits, operating expenses, salary, net profits and distribution of proceeds is attached hereto and made a part hereof by reference." Unfortunately, the recapitulation referred to was never attached to the findings, but the court must have arrived at its figure by accepting the profit shown on a recapitulation submitted by the plaintiff, adding to one-half the profit the sum of $1,500.00 which plaintiff claims he earned as salary, and deducting stated credits and offsets.

The plaintiff arrived at his profit figure by utilizing as an asset the $4,414.98 discussed above, which he claims the partnership had paid on the equipment. Since

the court's finding of payments by the partnership totaling $4,414.98 cannot be sustained, it follows that the recapitulation utilizing such figure as a partnership asset cannot be accepted. Thus there is insufficient evidence to support the award made to the plaintiff.

The defendant urges that, even if there had been substantial evidence to support the court's findings above disposed of, any accounting for the D-7 and the pull should have been on the basis of their value at the time the partnership was dissolved, and not on the basis of any amounts which the partnership may have invested in such equipment. This proposition finds support in Sorokach v. Trusewich, 1953, 13 N.J. 363, 99 A.2d 790. See also Yeomans v. Lysfjord, 1958, 162 Cal.App.2d 357, 327 P.2d 957; Clark v. Allen, 1959, 215 Or. 403, 333 P.2d 1100; Froess v. Froess, 1925, 284 Pa. 369, 131 A. 276; Vogt v. Lee (Tex.Civ. App.1930), 32 S.W.2d 688. But see Frey v. Hauke, 1961, 171 Neb. 852, 108 N.W.2d 228, which holds to the contrary. There the plaintiff, manager of the business, was held to book value instead of market value to determine his interest in the business, since he "had every opportunity to change the manner of keeping the firm books if he desired to do so" and since he had "in fact acquiesced in the manner of keeping the partnership books."

The same reasoning that was used in the Frey case had been used by the trial court in Sorokach v. Trusewich, supra, to determine the value of a deceased partner's share, on grounds that the partner, during his lifetime, had made no complaints about the figure at which the machinery was carried on the books and therefore his representatives could not, after his death, complain. But on appeal, the New Jersey court reversed, holding that fair market value, rather than book value, should be the basis for distribution.

We decline to follow Frey v. Hauke, supra, and conclude that, between partners, an accounting should be based on the market value of the equipment at the time of the dissolution of the partnership. In this case, there was no evidence establishing the value at that time.

Finally, it is apparent, as stated above, that a portion of the award granted to plaintiff was the sum of $1,500.00 (minus $250.00 already paid) that the plaintiff claimed he is owed as salary. The evidence indicates that, under the oral partnership agreement, a salary was to be paid after operating expenses and equipment payments had been made; then after the salary had been paid, any money remaining would be divided equally by the partners.

Again in view of the total proceeds taken in by the partnership and the expenses admittedly paid out, there could not have been sufficient funds remaining to make

the machinery payments plaintiff claims the partnership made. It then follows that neither could there have been any funds remaining from which plaintiff could have been paid a salary.

It follows that the cause must be reversed and remanded to the trial court with directions to enter judgment in favor of the defendant on the plaintiff's complaint and in favor of the plaintiff on the defendant's counterclaim. It is so ordered.

MOISE and COMPTON, JJ., concur.