In re the MARRIAGE OF Mary Arden SMITH, Appellant,

and

Gerald R. Smith, Appellee.

No. 79CA0659.

Colorado Court of Appeals, Div. I.

Nov. 27, 1981.

Rehearing Denied Dec. 17, 1981.

Mellinger & Throne, Daphne Throne, Boulder, for appellant.

Miller & Gray, P. C., William R. Gray, Boulder, for appellee.

STERNBERG, Judge.

The determinative issue in this appeal is whether a trial court may reverse a referee's decision on a motion to increase child support, without holding an evidentiary hearing. We hold that such reversal may be done only after the judge holds an evidentiary hearing. Since none was held here, we reverse and remand for further proceedings.

The operative facts are these: At the time of entry of a decree dissolving the marriage of the parties, a settlement agreement dated April 25, 1975, was adopted by the court. It provided that the father would pay to the mother $200 per month as child support for each of two children.

In January of 1978, the mother moved for an increase in support to $325 per child and that motion was heard by a referee. The referee conducted an evidentiary hearing, entered findings and conclusions, and recommended an increase in child support to $275 per month per child. In May of 1978, the trial court adopted these findings and recommendations.

The father filed timely objections and a hearing was held before the trial judge in April of 1979. At that hearing counsel commented about the testimony taken at the referee's hearing and discussed parts of the referee's recommendations. Neither testimony nor documentary evidence was presented. Nevertheless, without detailing findings of the referee that it determined to be erroneous, the court entered an order denying the mother's motion for modification.

At the outset we hold that the "referee" who conducted the evidentiary hearing in this case was in fact acting as a master under C.R.C.P. 53. The fact that he was denominated as "referee" in Boulder District Court Rule 17 does not make C.R.C.P. 53 inapplicable. The functions that he performed, not his title, are controlling. *See Colorado v. I. D. I., Inc.,* Colo. App., (No. 80CA0739, announced Au-

gust 20, 1981). We also hold that the powers of the master, and the manner in which the trial court must treat his findings are governed by C.R.C.P. 53. It is axiomatic that provisions of any local rule in conflict with C.R.C.P. 53 are a nullity. *See* C.R.C.P. 83.

*Brown v. Brown*, 161 Colo. 409, 422 P.2d 634 (1967), is determinative of the principal issue in this appeal. There, relying on both the language of C.R.C.P. 53(e)(2) and a long line of federal cases, the court held: '

> "First, on a question of fact, insofar as it depends upon conflicting testimony, credibility of witnesses, and demeanor of witnesses, the master is the only one who can reach a conclusion in this area. When there is any testimony consistent with the findings, it must be treated as unassailable except when 'clearly erroneous.' ... [T]he *rule* binds the district court to accept the findings of the master just as effectively as R.C.P.Colo. 52(a) binds this court to accept findings of a trial court....
>
> The second error of the trial court was in disregarding the provisions of rule 53(e)(2) wherein the trial court is granted, among other alternatives, the authority to reject the master's report *after hearing*." (emphasis in original)

There was no such hearing here. Consequently, the trial court erred in rejecting the finding of the master. And, because there was no evidentiary hearing, the husband's assertion that this appeal must be dismissed because no motion for new trial was filed after the ruling of the trial court has no merit. C.R.C.P. 59(b). *O'Hara Group Denver, Ltd. v. Marcor Housing Systems, Inc.*, 197 Colo. 530, 595 P.2d 679 (1979).

The judgment is reversed and the cause is remanded to the district court for further proceedings. In light of the passage of time since an evidentiary hearing was held, an evidentiary hearing should be held to determine the issues based on the current status of the parties. Until further order of court, the child support payments shall be $275 per month per child.

COYTE and BERMAN, JJ., concur.