In re the MARRIAGE OF Josef Nmn
**DEBRECENI, Appellant,**

**and**

**Mary Ann Debreceni, Appellee.**

**No. 83CA0153.**

Colorado Court of Appeals,
Div. III.

April 21, 1983.

(1) On June 14, 1982, Referee Edward E. Kingery conducted a hearing on Mary Ann Debreceni's (wife's) motion pertaining to the husband's non-compliance with one of the provisions of the final orders. On June 23, Kingery issued his "Findings and Judgment" and mailed a copy to counsel on that date.

(2) On July 8, husband filed a motion for new trial, directed to the June 23 "Findings and Judgment."

(3) That motion was heard by Kingery and was denied on January 11, 1983.

(4) On February 8, 1983, husband filed in the district court a notice of appeal of Kingery's January 11 ruling and the June 23, 1982, judgment.

(5) A copy of the notice of appeal was received and filed by the court of appeals February 10, 1983.

(6) This court on February 16 issued its "Order re Designation of Parties, Docket Fee, Preliminary Statements, Designation of Record, Preargument Conferences, and Briefing."

(7) On March 2 husband, and on March 9 wife, filed their respective preliminary statements with this court directed to Kingery's June 23 and January 11 decisions.

(8) On March 9, unknown to this court at the time, Kingery signed an "Amended Order re Motion for New Trial" (apparently submitted by counsel for wife) and on that same date Richard McLean, a judge of the Boulder County District Court, signed this amended order. That order made certain findings, and concluded as follows:

> "IT IS THEREFORE ORDERED that [husband's] Motion for New Trial and Motion for Stay are denied and this Court's Findings and Judgment dated June 14, 1982 shall be, and hereby is, made a final judgment of this Court. This Amended Order Re Motion for New Trial shall supersede the previously entered Order re Motion for New Trial."

(9) On March 11, this court issued an "Order to Show Cause," noting that it appeared that:

---

Stitt, Wittenbrink & Nieman, R.J. Wittenbrink, Rodney R. Nowadzky, Westminster, for appellant.

Balaban & Lutz, Kenneth L. Levinson, Denver, for appellee.

VAN CISE, Judge.

This is an appeal by Josef Debreceni (husband) directed to post-final order matters taken by a referee in a dissolution of marriage proceeding. We dismiss the appeal.

From the documents filed in this court pertaining to this case, it appears that:

"[T]here is *no judgment* of the district court from which an appeal may·be taken. Kingery is not a judge, and there is no indication that any judge participated in the disposition of this matter."

(10) Husband and wife both filed responses to this court's "Order to Show Cause." Husband asked that we determine that a final appealable order had been entered on March 9, 1983. Wife argues that Kingery's June 23 judgment was, under local Rule 17C and 17E of the Twentieth Judicial District (see Appendix), a final judgment because no motion for review by the court was filed within ten days after the entry of that judgment.

(11) On or about March 17, husband filed his "Motion for Review," purportedly pursuant to local Rule 17, directed to Kingery's March 9, 1983, order. Attached to the motion was husband's affidavit and a memorandum brief.

▬ It appears that the parties stipulated to having wife's motion heard in the first instance before the referee rather than before the trial court. However, if the reference was beyond the court's power under the pertinent rules, consent of the parties is of no consequence. *See Gelfond v. District Court,* 180 Colo. 95, 504 P.2d 673 (1972); *McCoy v. McCoy,* 139 Colo. 105, 336 P.2d 302 (1959). *See also* C.R.C.P. 53(e)(4). In view of the limitations in local Rule 17A and in C.R.C.P. 53(b), which governs the application of local Rule 17, *In re Marriage of Smith,* 641 P.2d 301 (Colo.App.1981), there is serious doubt whether referral of this matter to a referee was proper.

▬ Even if the referral was proper, C.R.C.P. 53(e) mandates that the referee's findings of fact and conclusions of law and, by implication, his recommendations, be incorporated into a report which, together with the original exhibits and a transcript of the proceedings and of the evidence, shall be filed with the clerk of the court. This report of the referee is not an order; it is a recommendation. The referee has no power to enter orders or decrees. *People in the Interest of S.S.T.,* 38 Colo.App. 110, 553 P.2d 82 (1976).

▬ The parties have ten days after receipt of notice of filing within which to serve written objections to the report. The court may adopt, modify, or reject the report in whole or in part or may take other action. But until the report is acted on by the court, no legal consequence may be attached to it. *See Gelfond v. District Court, supra; People in the Interest of S.S.T., supra.*

▬ In the instant case, the referee's June 23 decision was treated by all concerned as a judgment entered by the referee on his own authority, and, when the referee ostensibly denied the motion for new trial on January 11, notice of appeal was filed. At that time there was no judgment, much less a ·final appealable judgment. Therefore, the appeal must be dismissed.

▬ We note further that by the filing of notice of appeal on February 8, the referee and the trial court were divested of jurisdiction to take any action during the pendency of the appeal. Consequently, the "Amended Order Re Motion for New Trial" signed by the referee and the trial court on March 9, which purported to supersede the referee's January 11 order, is null and void. *Davidson Chevrolet, Inc. v. City & County of Denver,* 138 Colo. 171, 330 P.2d 1116 (1958).

The appeal is dismissed.

PIERCE and KELLY, JJ., concur.

## APPENDIX

### RULE 17–REFEREE IN DOMESTIC RELATIONS MATTERS

A. Appointment and Legal Effect

Pursuant to Supreme Court Directive dated· November 10, 1976, the Chief Judge of the Twentieth Judicial District may with the approval of the Chief Justice of the Supreme Court of Colorado appoint a referee or referees to serve said Court, and may delegate to said referee the following duties to be exercised under

the supervision of the Judge assigning a matter to the referee and subject to the conditions and with the legal effect as provided by law or by these rules:

1. In domestic relations cases, to hear and enter temporary orders for custody of minor children.

2. In domestic relations cases to hear and enter temporary orders for maintenance, support for minor children, suit money, court costs, and attorney fees. These matters should be done by Stipulation but may be done without a stipulation if the Judge of the Division in which the case is docketed is unable to grant a reasonably prompt hearing, and so informs the parties or their attorneys.

3. Where stipulated between the parties, to hear non-contested domestic relations matters and recommend to the Judge to which the case is assigned the granting or denying of a decree by the Court.

B. Permanent Record

All orders made and proceedings had by the referee under this Rule shall be made a permanent record as provided for acts of the Court done by the Judge.

C. Review by the Court

Any person in interest affected by an order or action of the referee under the authority of this rule may have the matter reviewed by the Court by filing a Motion for such review within ten (10) days after the entering of the Order or the taking of the action. Upon the filing of such a Motion, it shall be placed on the calendar of the Court for as early a hearing as possible, by the Court. Such review shall be based on a transcript of the proceedings before the referee or an agreed statement of facts.

D. Effect of Referee's Recommendation During Pendency of Hearing

During the Pendency of review by the Court where the case is assigned, said Order or action of the referee shall remain in full force and effect until vacated by the Court, unless the Motion is accompanied by an Affidavit showing that the referee's Order is confiscatory or that the financial situation of the parties is such that the referee's Order is impractical and cannot be complied with. If it appears to the Court from the showing made in the Affidavit that the ends of justice so require, a stay of said Order or Orders may be entered pending review by the Court. In such case the review hearing shall take precedence upon the Court's calendar.

E. Failure to File Timely Motion

If the Motion to have the matter reviewed by the Court is not filed within ten (10) days or the Order or action by referee is not vacated by the Court on its own Motion within such period, the Order or action of the referee shall be final and shall not be subject to further review by the Court; except that the temporary orders in domestic relations cases shall remain in full force and effect until final permanent orders are entered by the Court. The acts, records, orders, and judgments of the referee not vacated pursuant to the foregoing provisions shall have the same force, validity and effect as if made by the Court.

F. Responsibility

The referee is subject to the direction of the Chief Judge only. No proceeding which will require a hearing taking longer than two hours or one involving permanent orders may be assigned to the referee without permission of the Chief Judge.