In re the MARRIAGE OF. Carol Ann PETROFF, Appellee,

and

James Petroff, Appellant.

No. 82CA0869.

Colorado Court of Appeals, Div. I.

June 2, 1983.

Gaddis, Wilbur, Sims & Kaufman, P.C., H. William Sims, Jr., Longmont, for appellee.

Hopp & Associates, P.C., Walter J. Hopp, Longmont, for appellant.

ENOCH, Chief Judge.

Husband seeks review of the referee's division of property in a dissolution of marriage proceeding. We dismiss the appeal.

A proceeding was held before a referee pursuant to 20th Judicial District Rule 17 and a "request for setting before referee and waiver" (the waiver) signed by both parties and their attorneys. Local Rule 17 provides for referral of certain domestic matters to a referee, and provides further that upon failure to file a motion to have the matter reviewed by the trial court within 10 days, "the order or action of the referee shall be final and shall not be subject to further review by the court." The waiver was apparently authorized by Administrative Order No. 81–7, issued by the then-Chief Judge of the 20th Judicial District, and effective January 1, 1982. The waiver, which follows the language of the Administrative Order, states in part as follows:

"The parties hereby request that the Referee of the district court hear this matter. In so doing we waive our right to have it heard before a District Judge and our right to appeal the Referee's decision to a District Judge pursuant to local rule 17. We understand further that in the event either party wishes to initiate an appeal, a motion for a new trial is to be filed and heard before the Referee and that in the event the motion is denied, *the judgment shall be deemed final for purposes of any appeal which shall be to the appropriate appellate court and not to a District Judge.*" (emphasis supplied)

Following the proceeding before the referee, husband filed a motion to alter or amend the referee's decision, which motion was denied. Subsequently, husband filed a notice of appeal from the decree of dissolution entered by the referee on May 5, 1982, and the referee's denial of husband's motion to alter or amend on June 9, 1982. It is undisputed that the referee's rulings were never adopted by the trial court as its own order.

This court has, *sua sponte,* raised the issue of whether the actions of the referee from which this appeal is taken are final, appealable orders. We conclude that they are not.

*In re Marriage of Debrecini,* 663 P.2d 1062 (Colo.App.1983) is controlling in our decision to dismiss. In that case, which involved the same referee and the same local rules, this court held that the determination of a referee is not an order, but rather a recommendation. C.R.C.P. 53(e). And, accordingly, absent some action by the trial court, no legal consequence may be attached to the referee's report. Thus, without further court action, the referee's decision is not a judgment, much less a final judgment. This is true notwithstanding the language of local Rule 17, administrative order number 81–7, or the waiver. *In re Marriage of Debrecini, supra. See In re Marriage of Smith,* 641 P.2d 301 (Colo.App. 1981).

Since there is no final order from which an appeal may be taken, this appeal is dismissed.

PIERCE and SMITH, JJ., concur.