In re the **MARRIAGE OF Terry Grace BURKE, n/k/a Terry Grace Sedam, Appellant,**

and

**William Dennis Burke, Appellee.**

No. 83CA0129.

Colorado Court of Appeals, Div. II.

March 22, 1984.

"It will be the *recommendation* of the referee that the Respondent pay as temporary maintenance for the Petitioner the sum of $300 per month, payable on the 15th and the last day of each month, commencing November 30, 1980 through the registry of the Court." (emphasis supplied)

This transcript is not signed by the referee; there is in the record no separate "order" signed by the referee or by the court; and, there is nothing in the register of actions to indicate that the referee's recommendation was approved by the court or became the order of the court. We conclude that there was no enforceable temporary order entered in the trial court. *See In re Marriage of Debreceni,* 663 P.2d 1062 (Colo.App.1983). Accordingly, there was nothing on which to base a judgment for arrearages.

The judgment is affirmed.

BERMAN and BABCOCK, JJ., concur.

C.J. Berardini, P.C., C.J. Berardini, Denver, for appellant.

Patrick L. Dulaney, P.C., Patrick L. Dulaney, Aurora, for appellee.

KELLY, Judge.

Wife seeks to reverse the order of the trial court denying her motion for a judgment for arrearages for spousal maintenance allegedly due pursuant to temporary orders. The wife's motion was filed several months after the entry by the trial court of the decree of dissolution including permanent orders, and was denied by the trial court on the ground that the matter had been "taken into consideration in [permanent] orders." The record does not support the arguments made by wife, and we therefore affirm.

The temporary order on which the wife's claim is based consists solely of one paragraph in the reporter's transcript of proceedings held on November 25, 1980, before the referee in which the referee stated: