James R. BARRON, Petitioner,

v.

**DISTRICT COURT, CITY AND COUNTY OF DENVER, Colorado and The Honorable Edward E. Carelli and The Honorable Warren O. Martin, Judges thereof, Respondents.**

No. 83SA427.

Supreme Court of Colorado,
En Banc.

June 25, 1984.

George J. Duckworth, Denver, for petitioner.

Edward E. Carelli, pro se.

Warren O. Martin, pro se.

ROVIRA, Justice.

In this original proceeding, petitioner James R. Barron (Barron) seeks relief from an order of respondent Judge Martin approving a referee's recommendations, and an order of respondent Judge Carelli denying Barron's motion for new trial. We issued a rule to show cause and now make the rule absolute.

Barron filed a dissolution of marriage action on April 5, 1982. His wife filed a response admitting that the marriage was irretrievably broken but requesting the trial court to decide matters pertaining to maintenance and division of property. On three separate occasions, the trial court was busy and could not conduct a hearing as scheduled. It finally referred the case

to a referee, who conducted an evidentiary hearing and then took the matter under advisement. Subsequently, the referee sent Barron's attorney a handwritten document setting out her findings and order with instructions [1] for him to prepare typewritten permanent orders. He followed the referee's instructions and returned the typewritten document together with a cover letter dated March 24, 1983, in which he stated:

"In accordance with your handwritten instructions, I have prepared and will enclose Permanent Orders.

"I have forwarded a copy of the Permanent Orders, along with your written instructions, to opposing counsel so that he will have an opportunity to object, if he so desires. If he does not object within a reasonable time and you find that the order correctly sets forth your findings, please approve and submit it to the Court for execution, along with the proposed Decree submitted by Mr. Helm."

On March 31, 1983, the referee submitted a standard form entitled "Recommendation of Referee" to respondent Judge Carelli for his signature. This form contained certain information about the parties, a recommendation that a decree of dissolution of marriage be granted, and a finding by the referee that the "court's order is not unconscionable." [2] Judge Carelli signed the form on March 31. Just above his signature were the words: "THE COURT ADOPTS THE FINDINGS OF THE REFEREE AND ORDERS THAT THE REFEREE's RECOMMENDATION BE AN ORDER OF COURT." The court did not, however, send Barron's attorney a copy of this signed form or of the decree of dissolution, which Judge Carelli also signed on March 31.

On April 11, 1983, Barron's attorney wrote to the referee asking if she had approved the "proposed order" which he sent on March 24 and if she had submitted it to the court for execution. "If the order has been entered," he added, "I would appreciate your asking the clerk to send me a certified copy." It appears from the uncontested facts set out in the petition that Barron's attorney did not receive an answer to his letter of April 11. Furthermore, upon checking with the court clerks to see whether a recommendation had been made or permanent orders entered, he was told that the computer showed no entry of any order.

As a precaution, therefore, Barron filed a motion for new trial or to amend order on May 5, 1983. However, on June 21, before the hearing on the motion for new trial, respondent Judge Martin signed the typewritten permanent orders which Barron's attorney had mailed to the referee on March 24. These orders were the same as Barron's attorney had typed them except for one of the conclusions, which the referee had altered by adding another comment.[3] Just above Judge Martin's signature were the words: "The COURT having read the foregoing Permanent Orders, adopts and makes them the ORDER OF THE COURT." Although the record is unclear, Barron's attorney apparently received a copy of the signed permanent orders.

On September 9, 1983, Judge Carelli considered Barron's motion for new trial or to amend order. He found that the referee had made her recommendations on March 31 and that he had approved those recommendations (including the permanent orders) and made them an order of the court on the same day. He concluded that, since the motion for new trial was not filed until May 5, it was not timely filed pursuant to

---

1. The referee's instructions are not a part of the record in this case.

2. The referee crossed out "Petitioner's/Respondent's/Co-Petitioner's EXHIBIT A is not" and inserted "court's order is not" before the word "unconscionable."

3. The conclusion as typed stated: "The $10,000 increase in equity in Petitioner's home is marital property." The referee wrote in the words "Respondent did not significantly contribute to the increase" and then initialled the addition before sending the orders to Judge Martin.

C.R.C.P. 59(b).[4] He therefore denied Barron's motion, and this original proceeding followed.

Barron argues that the referee and the respondent judges failed to comply with C.R.C.P. 53(e)(1), thus depriving him of the opportunity to object to the referee's findings and conclusions under C.R.C.P. 53(e)(2). These rules state:

"**(e) [Master's] Report.**

(1) **Contents and Filing.** The master shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report. He shall file the report with the clerk of the court and in an action to be tried without a jury, unless otherwise directed by the order of reference, shall file with it a transcript of the proceedings and of the evidence and the original exhibits. *The clerk shall forthwith mail to all parties notice of the filing.*

(2) **In Nonjury Actions.** In an action to be tried without a jury the court shall accept the master's finding of fact unless clearly erroneous. *Within ten days after being served with notice of the filing of the report* any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court, after hearing, may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." (emphasis added).

**4.** C.R.C.P. 59(b) states in part: "A motion for a new trial shall be filed not later than fifteen days after the entry of the judgment...."

**5.** We agree with the conclusion reached in several recent court of appeals cases that, since referees perform the same general functions as masters, they are bound by the procedures outlined in C.R.C.P. 53. *See In re Marriage of Petroff,* 666 P.2d 1131 (Colo.App.1983); *In re Marriage of Debreceni,* 663 P.2d 1062 (Colo.App. 1983); *In re Marriage of Smith,* 641 P.2d 301 (Colo.App.1981).

■ The issue in this case is whether the handwritten permanent orders which the referee sent to Barron's attorney for typing fulfilled the notice requirement in C.R.C.P. 53(e)(1).[5] Barron's attorney claims that his role in the preparation of the orders was that of a scrivener and that he did not necessarily consider the typewritten document to be the referee's final report. The respondent judges counter by emphasizing the wording of the March 24 letter which Barron's attorney sent to the referee. This letter, they conclude, clearly indicated that Barron's attorney had no objections to the permanent orders as they appeared in final, typewritten form. We agree with the respondents that the task assigned to Barron's attorney provided him with a convenient opportunity to object to the referee's findings and conclusions. We also agree that, based on the wording of the March 24 letter, Barron's attorney apparently had no objections at that time to the permanent orders. However, our agreement with this much of the respondents' argument does not excuse the failure of the referee and the respondents to adhere to the procedural requirements of C.R.C.P. 53(e)(1) and (2).

■ The permanent orders prepared by the referee included various findings of fact and conclusions of law pertaining to maintenance and the division of property. For all practical purposes, they represented the document identified as the master's report in C.R.C.P. 53(e)(1). The rule requires, however, that the referee must file the report with the clerk of the court[6] before it becomes final. When this filing is complete, the clerk mails notice of the filing to all parties, who then have ten days "after being served with notice" to submit

**6.** C.R.C.P. 53(e)(1) also requires that the referee in nonjury actions must file a transcript of the proceedings and of the evidence and the original exhibits with the clerk of the court. This additional filing requirement is prefaced, however, by the words "unless otherwise directed by the order of reference." The rule thus authorizes the court to dispense with the filing of transcripts and exhibits in its reference order to the referee.

**356**

written objections. While the handwritten orders in this case served to notify Barron of what the permanent orders included, they did not serve to notify Barron that the referee's report was final and had been turned over to the court for official consideration. In our opinion, one of the purposes of the notice requirement in subsection (e)(1) is to inform the parties of this latter fact. Receipt of the clerk's notice then triggers the ten-day period within which parties can object to the report and apply for a hearing before the court. *See In re Marriage of Debreceni*, 663 P.2d 1062 (Colo.App.1983).

Even though Barron's attorney treated the handwritten orders as final in his March 24 letter, they were not in final form until the referee filed them with the court. This conclusion is illustrated by the fact that after Barron's attorney returned the typewritten orders to the referee, she altered one of the conclusions. The respondents contend that the change tended to benefit Barron, but the referee's actions could easily have produced a different result. In any event, the change made by the referee certainly did not benefit Barron's wife, who, like Barron, was given no opportunity to object to the final form of the report. We therefore reverse the trial court's decision approving the referee's recommendation of permanent orders and remand this case to allow Barron and his wife the opportunity to file written objections under C.R.C.P. 53(e)(2).[7]

The rule to show cause is made absolute.

---

**7.** In view of our decision to remand on the basis of C.R.C.P. 53(e)(1) and (2), we find it unnecessary to address Barron's other argument, that the trial court erred in denying his motion for new trial or to amend order. We observe only that Barron was not notified when Judge Carelli signed the "Recommendation of Referee" form on March 31, 1983. The respondents argue that, even though official notice of final judgment was lacking, "it should have been obvious that [the permanent orders] would have been entered shortly after [Barron's attorney] sub-

mitted [them]." This statement assumes that the permanent orders were incorporated into the form signed by Judge Carelli. It also raises the question of why Judge Martin signed the permanent orders separately on June 21. In any event, if the trial court intended for final judgment to enter on March 31, Barron should have been notified of this fact. *See Poor v. District Court*, 190 Colo. 433, 549 P.2d 756 (1976); C.R.C.P. 58(a) (entry of judgment) and 59(b) (time for motion for new trial).