Mohammad A. RASHEED,
Plaintiff-Appellant,
Cross-Appellee,

v.

Asaad A. MUBARAK, Fayzah A. Mubarak, Defendants-Appellees,
Cross-Appellants,

and

Kawkab (Kay) Rasheed,
Defendant-Appellee.

No. 81CA0957.

Colorado Court of Appeals,
Div. I.

Aug. 2, 1984.

Rehearing Denied Aug. 30, 1984.

Certiorari Denied Feb. 25, 1985.

Head, Moye, Giles & O'Keefe, Charles F. Luce, Jr., Denver, for plaintiff-appellant, cross-appellee.

Edward A. Jersin, Denver, for defendants-appellees, cross-appellants.

Morrisard & Rossi, P.C., Thomas W. Jackson, Aurora, for defendant-appellee.

BABCOCK, Judge.

In this suit for a final accounting and dissolution of partnership, plaintiff, Mohammad A. Rasheed, appeals from the judgment entered following trial to the court contending that the trial court erred (1) in valuing the partnership inventory at "book value" rather than fair market value; (2) in failing to award prejudgment interest; (3) in admitting additional evidence after the filing of the master's July 1978 report; (4) in refusing to award punitive damages; and (5) in assessing the masters' costs equally among the parties. Defendants Dr. Asaad A. and Fayzah A. Mubarak cross-appeal contending that plaintiff has waived his right to appellate review by accepting substantial benefits under the trial court's judgment. We affirm in part, reverse in part, and remand with directions.

## I.

In December 1967, the Mubaraks, plaintiff, and plaintiff's wife Kay, a defendant herein, entered into a partnership agreement for the operation of an importing business. In December 1973, the relationship among the parties deteriorated, and they became interested in liquidating the partnership. On December 27, 1973, a liquidation agreement was executed by all the parties except plaintiff. Pursuant to the liquidation agreement, all assets of the partnership were transferred to Dr. Mubarak at cost in exchange for his paying all outstanding indebtedness owed by the partnership to the First National Bank of Denver. The Mubaraks and Kay Rasheed proceeded to carry on the business, and plaintiff filed this suit. The trial court concluded and it is uncontested that the partnership was dissolved on December 31, 1973.

In January 1976, because of the inadequacy of the records maintained by the partnership, the trial court ordered an accounting to be conducted by a CPA. Because of disputes among the parties, the CPA was unable to complete his work, so the trial court appointed a second CPA as master. The trial court's order instructed the master to conduct hearings and to make findings with respect to, *inter alia,* the value of the "partnership capital" as of January 1, 1972, and December 27, 1973. The master's first report was filed with the trial court in July 1978. However, two supplemental reports, filed in June 1979 and July 1980, were necessitated by the piecemeal fashion in which documentary evidence concerning the partnership accounts was submitted to the master.

From the testimony and exhibits presented at trial, the trial court concluded that the net value of the partnership capital as

of the date of dissolution was $23,684 as reflected in the June 1979 master's report. This amount did not include the value of the partnership building which, pursuant to the trial court's order, was to be sold and the proceeds divided equally among the parties after payment of the masters' costs therefrom. In addition, the trial court failed to award plaintiff interest on his share of the partnership assets from the date of dissolution and concluded that there was insufficient evidence to sustain an award of punitive damages.

## II.

Initially we address the Mubaraks' cross-appeal in which they assert that plaintiff waived his right to appellate review of the trial court's judgment by accepting benefits of that judgment. We find no waiver.

■ Although generally a party who has accepted the benefits of a judgment may not seek reversal of that judgment on appeal, *In re Marriage of Jones*, 627 P.2d 248 (Colo.1981), an appeal may lie if the provisions of the judgment from which the appeal is taken are not mutually dependent on those provisions from which the party has accepted benefits, and the reversal of the former will not require reversal of the latter. *Elk River Associates v. Huskin*, 691 P.2d 1148 (Colo.App.1984); *Paulu v. Lower Arkansas Valley Council of Governments*, 655 P.2d 1391 (Colo.App. 1982); *see In re Marriage of Jones, supra.*

■ Here, plaintiff accepted the proceeds from the sale of the partnership building. However, the trial court's judgment with respect to the building is not dependent upon those provisions of the judgment from which plaintiff has appealed. Accordingly, plaintiff's claims are properly before us on appeal.

## III.

With respect to plaintiff's appeal, we first address his contention that defendants were estopped from introducing evidence regarding the partnership accounts after

the master had filed his July 1978 report. We disagree.

■ Following the filing of a master's report, the court may receive further evidence, and it may also recommit the report to the master with instructions. C.R.C.P. 53(e)(2); 5A *Moore's Federal Practice* 53.-12[4] (2d ed. 1976). And, when an item has been omitted from the master's accounting, evidence concerning that item may be properly admitted. *Pepper v. Hyman*, 117 Colo. 365, 189 P.2d 155 (1947).

■ Here, although defendants' piecemeal delivery of evidence concerning the partnership accounts necessitated supplemental master's reports, such were necessary to obtain a complete accounting of the partnership business. Under these circumstances, we cannot conclude that the trial court erred in allowing introduction of additional evidence.

In connection with his estoppel claim, plaintiff also contends that the additional evidence, which reflected a personal loan made to the partnership by Dr. Mubarak, was inadmissible in that the debt evidenced by the loan had been discharged by an accord and satisfaction. In support of this contention, plaintiff argues that the loan, having been made prior to 1973, was discharged by virtue of a previous end of the year accounting settlement and adjustment of partnership affairs. We disagree.

■ In determining whether a debt has been discharged by an accord and satisfaction, it must first be determined whether there was sufficient evidence to show an intent to accept the accord agreement. *Caldwell v. Armstrong*, 642 P.2d 47 (Colo. App.1981). This determination is a question of fact for the trier of fact. *Caldwell v. Armstrong, supra.*

■ Here, there is sufficient evidence in the record showing that the end of year accounting was not intended as an accord agreement with respect to Dr. Mubarak's loan. Therefore, the trial court did not err in admitting evidence thereof.

## IV.

Plaintiff's primary contention on appeal challenges the propriety of the valuation of the "partnership capital" which was established, in part, by valuing the partnership inventory at "book value," *i.e.,* invoice cost plus customs duty cost. Plaintiff contends that the inventory should have been valued at fair market value. Defendants contend, however, that plaintiff's failure to object to the master's report in a timely fashion precludes assertion of this claim on appeal. We agree with plaintiff.

■ Pursuant to C.R.C.P. 53(e)(1), the clerk of the court must mail notice of the filing of the master's report to all parties. Upon receipt of the clerk's notice, the ten-day period within which the parties can object to the report and apply for a hearing before the court is triggered. *Barron v. District Court,* 683 P.2d 353 (Colo.1984).

Because the record before us does not indicate whether the clerk's notice was sent to or received by plaintiff, we are unable to determine the timeliness of his objections to the report. Therefore, we must presume that plaintiff's objections were timely. *Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983).

Pursuant to § 7–60–142, C.R.S., when partnership business is continued following dissolution, the noncontinuing partner is entitled to "the value of his interest at the date of dissolution ascertained." Although the statute is silent as to the method of valuation, plaintiff contends that, as a matter of law, the partnership inventory must be valued at its fair market value. We agree.

The Colorado appellate courts have not addressed this precise question. In those jurisdictions which have, fair market value has been held to be the proper valuation of partnership assets where the book value ascribed to the assets in question is completely arbitrary. *See Mahan v. Mahan,* 107 Ariz. 517, 489 P.2d 1197 (1971); *Hurst v. Hurst,* 1 Ariz. 227, 401 P.2d 232 (1965). Others have concluded that, in the absence of a contractual provision to the contrary, fair market value must be used as a matter of law in determining value of partnership assets upon dissolution. *See Watson v. Lunt,* 75 N.M. 734, 410 P.2d 954 (1966); *Cauble v. Handler,* 503 S.W.2d 362 (Tex. Civ.App.1974). And, in some jurisdictions, book value has been accepted as a proper valuation. *See Frey v. Hauke,* 171 Neb. 852, 108 N.W.2d 228 (1961).

■ In consideration of the uniformity, certainty, and ease of application promoted by adoption of a per se rule, we conclude that, as a matter of law, in the absence of a contractual provision to the contrary, an accounting between partners must be based upon the fair market value of partnership assets at the time of dissolution. Generally, "book value" is a paper or theoretical value which has no necessary or direct reference to "real value." *See* Annot., 47 A.L.R.2d 1425. On the other hand, fair market value automatically accounts for appreciation or depreciation of partnership assets and precludes the necessity of determining, on a case by case basis, whether the "book value" ascribed to partnership assets is arbitrary, or accurately and fairly reflects their value at the time of dissolution.

■ Accordingly, the master's finding with respect to inventory valuation, being based on book value rather than fair market value, was clearly erroneous as a matter of law, and the trial court erred in accepting this finding. C.R.C.P. 53(e)(2).

## V.

■ In reliance on § 7–60–142, C.R.S., plaintiff contends that the trial court erred in failing to award prejudgment interest. Defendants counter contending that § 7–60–142, C.R.S., is inapplicable in that the partnership business was continued solely for the purpose of winding up the partnership. We agree with plaintiff.

Although the trial court did not specifically find that the partnership business was continued pursuant to § 7–60–142, C.R.S., we can determine the intent of the trial court in issuing its order from the

record and surrounding circumstances. *See Blecker v. Kofoed,* 672 P.2d 526 (Colo. 1983). As indicated in Part IV, *supra,* the trial court awarded each party the value of his or her partnership interest as of the date of dissolution pursuant to § 7–60–142, C.R.S., rather than a proportionate share of the proceeds realized in winding up the partnership business. Neither plaintiff nor defendants have challenged this award.

Implicit in this award, and in the circumstances surrounding the order, is a finding that the business was continued as if it were a going concern rather than for the purpose of winding up the partnership. Accordingly, the trial court erred in failing to award plaintiff interest on the amount equal to the value of his partnership interest pursuant to § 7–60–142, C.R.S.

## VI.

Plaintiff next contends that the trial court erred in failing to award punitive damages. We disagree.

The question of the sufficiency of evidence to justify an award of punitive damages is a question of law. *Mince v. Butters,* 200 Colo. 501, 616 P.2d 127 (1980). Here, the trial court concluded that there was "insufficient evidence to sustain any type of punitive damage award." This conclusion is supported by the record.

With respect to plaintiff's contention regarding the trial court's assessment of masters' costs, we find no abuse of discretion. C.R.C.P. 53(a); *see Pepper v. Hyman, supra; Bernstein v. Goldberg,* 81 Colo. 39, 253 P. 477 (1927).

Plaintiff's remaining contentions are without merit.

The judgment is reversed as to the determination of the value of the partnership inventory and the denial of interest thereon, and the cause is remanded with directions for new trial on the question of valuation and for entry of an award of interest thereon from the date of dissolu-

tion. The judgment is affirmed in all other respects.

PIERCE and STERNBERG, JJ., concur.