**CNA INSURANCE COMPANIES,
Plaintiff–Appellee,**

v.

**Mary BERNDT, individually, and d/b/a
All City Pools, Defendant–
Appellant.**

**No. 90CA2060.**

Colorado Court of Appeals,
Div. I.

May 7, 1992.

Rehearing Denied June 11, 1992.

Certiorari Denied Oct. 19, 1992.

White & Steele, P.C., Thomas B. Quinn, Denver, for plaintiff-appellee.

Orf & Ward, P.C., Dianna L. Orf, Denver, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Mary Berndt, individually and d/b/a All City Pools, now All City Pools and Spas, Inc., appeals a judgment of the trial court finding her liable to plaintiff, CNA Insurance Companies, for $8,062 in unpaid insurance premiums. We affirm.

After a trial to the court and pursuant to C.R.C.P. 53, the trial court appointed a master to calculate the premium due defendant for workers' compensation and general liability coverage in accordance with the guidelines and rate classifications as set forth by the court.

The master's first report, filed January 30, 1990, calculated the amount of unpaid insurance premiums in accordance with the trial court's directions and from records before the court. Defendant filed objections to this report on February 20, 1990. However, on March 2, 1990, the master filed an amendment to his initial report that was unsolicited by the trial court, in which he also responded to defendant's objections. Significantly, the master informed the trial court in this amended report that his initial report "presents calculations precisely in line with the directions of the court...." Defendant's objections to this report went only to the master's summary as to the amount paid.

The master submitted a third report, at the court's request, which presented adjustments to the calculations presented in the original report. In that report, the master found that "the calculation of the master now complies with the findings of fact and conclusions of law previously announced." The trial court entered judgment on this third report and defendant again filed objections.

Defendant's objections were rejected by the trial court, and judgment in favor of plaintiff for $8,062 was entered August 8, 1990. Defendant's post-trial motions were denied after hearing on October 18, 1991.

## I.

### A.

■ Defendant first contends that the trial court erred in the manner and substance in which it directed the master's audit. Citing C.R.C.P. 53(e)(2), defendant argues that the trial court was bound to accept the findings of the master as set forth in his second report wherein he opined that his conclusions were more consistent with industry standards. Defendant argues that, since the findings therein were not clearly erroneous, the trial court erred in dismissing this report and directing the outcome of the audit to conform to the evidence admitted at trial. We disagree.

Defendant's reliance on C.R.C.P. 53(e)(2) is misplaced. The proper scope of a master's authority is set forth in C.R.C.P. 53(c) which limits his powers to those set forth in his order of appointment. Accordingly, the trial court did not err in dismissing the report produced outside the authority given the master by the trial court's initial order. *See Credit Investment & Loan Co. v. Guaranty Bank & Trust Co.*, 166 Colo. 471, 444 P.2d 633 (1968).

### B.

Defendant's further argument that the trial court erred in failing to make its instructions to the master on the record is also without merit.

The final report reflected calculation adjustments to the initial report, which was undisputed and issued in accordance with the order and instructions of the trial court. This order prescribes the authority of the master in his audit calculations and is a matter of record.

### C.

■ Finally, defendant argues on appeal that the trial court's findings are clearly erroneous. However, although defendant objected to the master's calculations, which were based on the rate classifications designated by the trial court, she raised no objection at trial to the order which prescribed the classifications at issue. Thus, defendant cannot raise this issue for the first time on appeal. *See Hoffsetz v. Jefferson County School District No. R–1*, 757 P.2d 155 (Colo.App.1988).

## II.

■ Defendant next contends that the trial court erred by failing to have a hearing upon her objections to the master's reports. We accept defendant's position that C.R.C.P. 53(e)(2) requires a hearing on all motions or objections to a master's report before any action may be taken by a trial court. Here, however, the record shows that the trial court heard defendant's objections to the report upon which judgment was entered when it denied her motion for a new trial. Moreover, the trial court here consistently held the master to his original grant of authority pursuant to C.R.C.P. 53(c), and, since there was no objection to its findings underlying this particular ruling, we perceive no error in requiring the master to proceed in accordance with his specified powers. *See Rasheed v. Mubarak,* 695 P.2d 754 (Colo.App. 1984).

## III.

■ Pursuant to C.R.C.P. 59(d)(4), defendant sought a new trial alleging the existence of newly discovered evidence which would change the result of the trial. This evidence consisted of recently discovered canceled checks which allegedly showed payment to plaintiff of the disputed insurance premiums and which, according to defendant, could not have been discovered prior to trial because of the criminal actions of her bookkeeper. We perceive no error in the trial court's refusal to order a new trial.

The record reveals that these checks carry dates between October 1983 and June 1986, and defendant's bookkeeper was not hired until 1988. In addition, defendant was not prevented access to her bank balance and account activity. Accordingly, the trial court properly denied defendant's motion, as she failed to demonstrate her entitlement to a new trial pursuant to C.R.C.P. 59(d)(4). *See People v. Distel,* 759 P.2d 654 (Colo.1988).

The trial court likewise properly denied that portion of defendant's motion which sought to amend the findings of the master to comport with his second report, thereby affirming the final report in compliance with the conclusions of fact reached after a full hearing.

## IV.

■ Finally, we reject defendant's contention that the trial court erred in granting plaintiff prejudgment interest pursuant to § 5–12–102, C.R.S. (1991 Cum.Supp.) from the date the premiums were due. *See* § 5–12–102(1)(a), C.R.S. (1991 Cum.Supp.); *Mesa Sand & Gravel Co. v. Landfill, Inc.,* 776 P.2d 362 (Colo.1989).

Judgment affirmed.

TURSI and REED, JJ., concur.